MISSOURI CITY v. HUTCHINSON, *Appellant.*

**Procedure in Municipal Court:** CRIMINAL LAW. Under the charter and ordinances of the city of Missouri City, the recorder has no power to issue a warrant of arrest or a summons against one charged with an offense, and no jurisdiction to try him for the offense, until a written or printed statement of the charge has been filed.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

    *D. C. Allen* for appellant:

Respondent not represented.

NORTON, J.—On the 20th day of July, 1874, A. P. Gano, recorder of Missouri City, issued a summons to the constable of the city of Missouri City, commanding him to summon Francis M. Hutchinson as therein directed, which summons is as follows:

*The Mayor, Councilmen and Citizens of Missouri City,* ⎱
              *vs.*             *Complainants,* ⎰
  *F. M. Hutchinson, Jr., Defendant.*

*The State of Missouri—To the Constable of the city of Missouri City:*

Whereas, complaint has been made before me, the undersigned recorder of the city of Missouri City, by Lewis G. Hopkins, constable of said city, that F. M. Hutchinson, Jr., a dealer in drugs and medicines, did directly or indirectly sell or give away intoxicating liquors in a quantity less than one gallon, within the limits of the city of Missouri City, within twelve months from this date—and the same was not sold for medicinal purposes, upon the written prescription or certificate of a regular practicing physician of Clay county that such intoxicating liquor was to be used for medicinal purposes—and such prescription was not given in each or any case of purchase and sale by said F. M. Hutchinson, Jr., and such intoxicating liquors were sold to be drunk on the premises where sold, in violation of section one (1) of an ordinance of the city of Missouri City, entitled, "An ordinance relating to the retailing of spirituous liquors within the limits of Missouri City, Missouri,"—the said F. M. Hutchinson, Jr., being then and there guilty of

a misdemeanor. These are, therefore, to command you to summon the said F. M. Hutchinson, Jr., that he be and appear before the undersigned recorder of the city of Missouri City, on the 24th day of July, A. D. 1874, at the hour of ten o'clock in the forenoon, at the council room, in the said city of Missouri City, to answer said complaint of the mayor, councilmen and citizens of Missouri City, and be further dealt with in accordance with law, and have you then and there this writ.

Given under my hand this 20th day of July, A. D. 1874.

A. P. GANO, Recorder.

Defendant appeared before the recorder as commanded, was tried, convicted and fined $20, from which judgment he appealed to the circuit court of Clay county, where, upon trial *de novo* he was found guilty and his fine assessed at $20, from which he has appealed to this court. On the trial defendant, after having pleaded that the said circuit court had no jurisdiction to hear or determine said cause " because there was not filed with the said recorder, prior to the issue of the summons therein, or at any time, a written or printed statement of the offense charged against him, said defendant, signed by the informer as required by law and the ordinance of said city, nor is there now any such statement in the case," objected to the introduction of any evidence on the part of plaintiff because there was no written statement, as required by the charter, setting forth the offense for which defendant was sought to be made liable ; this objection was overruled, and the action of the court in that respect is assigned for error. We are of opinion that the objection was well taken and ought to have been sustained. It is provided in the charter incorporating plaintiff that the recorder of said city shall have exclusive jurisdiction over all cases arising under any ordinance of the city, subject to the right of appeal, and that the practice and proceedings before said recorder for the recovery of fines, &c., for the breach of any city ordinance,

shall conform in all respects and particulars, as near as may be, to the laws regulating proceedings before justices of the peace. § 15, Acts 1858, p. 229, and § 21, Acts 1858, p. 235. It is also provided in section 23, Acts 1858,.page 235, that when any charge is filed by the city attorney against any person as provided in the act, it shall be the duty of the recorder to issue his warrant reciting the charge, &c. It is also provided by section 2 of an ordinance of said city in relation to judicial proceedings, that suits for the recov-· ery of any fine, penalty or forfeiture for the violation of any ordinance of said city may (when it is not otherwise provided) be instituted by filing in the recorder's office or court a written or printed statement of the offense charged, signed by the informer; and no suit shall be dismissed or judgment reversed for any informality in the statement filed in any suit, if such statement shall substantially set out the offense committed and notify the defendant of the charge he is required to answer. Section 4 of said or-dinance provides that "upon the filing of such statement the recorder shall enter the cause upon his docket with the names of the parties plaintiff and defendant, and the offense charged, and shall, thereupon, issue a summons or warrant, as the .case may require, to the city constable."

It appears from the various sections of the charter and city ordinances that the recorder of said city only has au-thority to issue either a summons or warrant upon a writ-. ten or printed statement of the offense charged by the informer and filed with the recorder, or upon a statement filed by the city attorney. Whether the present proceed-. ing is regarded simply as a civil suit or as quasi-criminal, in either view a statement in writing or in print setting forth the offense charged, is required to give the recorder jurisdiction of the subject matter. This is so announced both in the charter and ordinance of the city. The pur-pose of the required statement is distinct·from that of the summons or warrant. The object of the statement is two-fold, first, to give the recorder jurisdiction of the subject

4—71

matter, or more accurately speaking, to enable him to determine whether the statement contains a charge which is within his jurisdiction to try, and upon which it is his duty to issue either a summons or warrant; and, second, to enable the person charged to know the nature of the charge preferred. The office of the warrant or summons is to give the recorder jurisdiction of the person and bring defendant into court to answer the charge. The statement when made and filed confers authority on the recorder to issue his warrant; the warrant, when issued, confers authority on the constable to make the arrest, and when the arrest is made its office is at an end, and upon appearance of the party arrested he is to be tried, not on the recitals of the warrant, but upon the statement filed, which conferred the authority to issue it. If no statement is filed, as required by ordinance preferring the cnarge, there is nothing to try. The case is governed by the principle announced in the case of *City of Kansas v. Flanagan*, 69 Mo. 23. Judgment reversed, in which all concur.