394 · SUPREME COURT OF MISSOURI,

The State ex. rel. Inhabitants of Neosho v. Baker.

THE STATE *ex rel.* THE INHABITANTS OF NEOSHO v. BAKER.
*Appellant.*

**Justice's Court;** STATEMENT: NUISANCE: TOWN. A statement in a proceeding for maintaining a nuisance, instituted by a town before a justice of the peace, failed to allege that the nuisance was within the limits of the town, or that it was contrary to ordinance to maintain a nuisance therein. *Held,* that it was for this reason insufficient. *Held,* also, that the defect was not cured by the warrant containing these allegations.

*Appeal from Newton Circuit Court.*—HON. JOSEPH CRAVENS,. Judge.

REVERSED.

*George Hubbert* for appellant.

A statement of facts constituting a cause of action is as essential in this, as in other cases; the warrant for arrest could constitute no part of such statement. *Inhabitants of Memphis v. O'Connor,* 53 Mo. 469; 2 Wag. Stat., p. 1317, § 11, p. 1318, § 16; *St. Louis v. Smith,* 10 Mo. 439; *St. Louis v. Life Association,* 53 Mo. 466; 1 Dillon Munic. Corp., § 346.

NORTON, J.—This was a proceeding on the part of plaintiff against defendant for maintaining a nuisance, instituted before a justice of the peace, which being tried on appeal to the Newton county circuit court, plaintiff obtained judgment, from which defendant has appealed. Defendant filed in the circuit court, as well as before the justice of the peace, a motion to dismiss the suit on the ground that the justice of the peace had no jurisdiction,, and the further ground that no sufficient complaint or statement had been filed. This motion was overruled, and the action of the court in this respect is assigned for error. We think the court erred in overruling the motion, because the complaint filed failed to state that the alleged nuisance

was within the limits of said town, or that it was contrary to the ordinance of said town to maintain a nuisance therein. It is true that the warrant issued on the complaint alleges both these matters, but under the ruling of this court in the case of *Missouri City v. Hutchinson*, 71 Mo. 46, and the case of *City of Kansas v. Flanagan*, 69 Mo. 23, this did not cure the defect in the statement or complaint. Judgment reversed, in which all concur, except RAY, J., absent.