CITY OF EDINA, Appellant, v. E. J. BROWN, Respondent.

St. Louis Court of Appeals, December 8, 1885.

1. JURISDICTION—MUNICIPAL CORPORATIONS—PRACTICE.—The jurisdiction of mayors of cities of the fourth class to hear and determine offences, is limited and must be exercised in strict conformity to the statute.

2. ———— COMPLAINTS—PRACTICE.—In proceedings before mayors of cities of the fourth class, the complaints upon which the action is based must be sworn to.

APPEAL from the Knox County Circuit Court, BEN E. TURNER, Judge.

*Affirmed.*

S. B. DAVIS, for the appellant: The complaint need not be sworn to. *Missouri City v. Hutchinson,* 71 Mo. 46.

G. R. BALTHORPE and THOMAS METCALF, for the

respondent : Tribunals of limited jurisdiction must exercise such jurisdiction in strict conformity to the statute. *Missouri City v. Hutchinson*, 71 Mo. 46 ; *Kansas City v. Flanagan*, 69 Mo. 22.

LEWIS, P. J., delivered the opinion of the court:

The plaintiff is a city of the fourth class, incorporated under Revised Statutes, chapter 89, article 5. This pro ceeding was instituted against the defendant, before the mayor, under a city ordinance regulating the sale of intoxicating liquors. The defendant was fined fifty dollars, with an order that he stand committed to jail until the fine and costs were paid. On his appeal to the circuit court, a motion to dismiss was sustained on the ground that the original complaint was not sworn to, as required by law, wherefore, the mayor had no jurisdiction. The plaintiff asked leave to amend in the defective particular, and this was refused.

The organic law of the plaintiff corporation provides in section 4982, Revised Statutes, that : " The mayor * * * shall have exclusive original jurisdiction to hear and determine all offences against the ordinances of the city." Section 4983 provides : " All pro secutions for violating any city ordinance shall be entitled, etc. * * * The complaint, when made by the marshal, assistant marshal, or regular policeman, need not be in writing, if the defendant be in court and in custody; but in every other case the complaint sha ll be in writing and sworn to, before the warrant shall be issued for the arrest of the defendant, and in no case shall a judgment of conviction be rendered, except upon sufficient legal testimony given on a public trial, or upon a plea of guilty made in open court."

It is not disputed that, if the present proceeding is within the operation of the last mentioned section, it was void from the beginning, because the mayor had not acquired jurisdiction in the manner prescribed by law. But it is contended for the city that this is a civil suit for

the collection of a debt, commenced by summons and not by warrant or arrest, and, therefore, it is not governed by the provisions above quoted, which apply only to proceedings in the nature of criminal prosecutions. The authority for this civil procedure is found in a city ordinance containing the following provisions :

"Section 1. All fines and penalties due the city of Edina, on account of the violation of any of the ordinances thereof, may be sued for and collected in an action in the name of the city, in the nature of a civil action. The complaint shall be printed or written, or both, shall be signed by the city attorney or marshal, and plainly state the substance of the offence charged, which complaint need not be sworn to.

"Section 2. The practice in such proceedings shall be the same as in civil actions before justices of the peace under the laws of this state, except that neither party shall be entitled to demand a jury * * * The payment of all fines assessed under such proceedings shall be enforced by execution and commitment to the town prison or county jail, in like manner as fines are now collected in criminal prosecutions under the ordinances of this city. * * * And this remedy may be used in the prosecution of offences already committed, as well as those hereafter committed."

The vital question to be here considered is, whether these ordinance provisions are valid, as within the powers conferred on the corporation by its fundamental law. Suppose it to be conceded on general principles, that a debt incurred to a municipal corporation by a violation of its lawful ordinances may be recovered upon by civil action, and the inquiry yet remains, whether any law of this state has made it possible for the mayor of a city of the fourth class to sit as a court for the hearing and determination of such a civil action, and to enforce his judgment by imprisonment of the party failing to obey its terms.

Cities of the fourth class are corporations having

specifically defined powers, and come within the inflexible rule that no powers can be exercised by such bodies, which are not either expressly granted, or are necessary to the exercise of such as are so granted. If, with the grant of a power, a specific mode and manner be prescribed for its exercise, there can be no valid performance under the grant, in any different mode or manner. These well known rules furnish an easy test for the solution of our inquiry.

Reference is made to *Missouri City v. Hutchinson* (71 Mo. 46), as holding that "a city may sue and issue summons just the same as a private individual, without the filing of any sworn complaint," for the purpose of enforcing its ordinances. The opinion in that case does not state the proposition so broadly. Missouri City was chartered by an act of the general assembly, approved March 14, 1859 (local session acts, 1858, p. 221). Article 4, section 15, of this act provides that "the recorder * * * shall have the same jurisdiction as justices of the peace. He shall have exclusive jurisdiction over all cases arising under any ordinance of said city." The terms of this grant are so broad as to cover all methods of procedure, whether civil or criminal, with no limitations that are not imposed on justices of the peace. This, of course, includes a power to proceed by summons. The supreme court simply decided that there could be no procedure by either summons or warrant, for the violation of an ordinance, without a written or printed statement of the charge. The decision has no sort of application to the present controversy.

In the city of St. Louis, a general ordinance provides for proceedings before the police justice against violators of city ordinances, by summons, upon the filing of a statement in the form of an account for a debt due. Rev. Ord. 678-679. The charter is understood as authorizing this, i₁ the comprehensive character of its provisions. The corporation is empowered, in general terms "to impose, collect, and enforce fines, forfeitures, and penalties for the breach of any city ordinance."

Article 3, section 26.    "The police justices * * * shall have jurisdiction over all cases arising under this charter, and of the violation of any ordinance, or of any provisions of this charter, subject to appeal," etc.    Article 4, section 25.    "The police justices * * * shall exercise the powers and perform the duties which may be prescribed by ordinance."    Article 4, section 26. "The municipal assembly shall, by ordinance, define the duties of all city officers, and may change, increase, or diminish them in a manner not inconsistent with this charter."    Article 4, section 28.

Here are no limitations as to mode or form of action or proceeding, or as to the extent of jurisdictional authority which may be conferred by ordinance on the police justices, for effectuating the purposes of the municipal government.

But the organic law of the present plaintiff is differently framed.    It defines specifically the duties and jurisdiction of every officer, leaving nothing in this category to the discretion of the legislative department.    It contains no grant of judicial power to the mayor, except what appears in sections 4982, 4983, above quoted.    The five next succeeding sections regulate the manner of proceeding, and confine themselves in every line to cases wherein "warrants" are issued, and in which persons are "arrested and brought before the mayor."    We search in vain through all the provisions for any authority to issue a summons, to sit in judgment upon civil process, or to hear and determine any cause other than "prosecutions" for "offences," upon warrant and arrest upon a sworn complaint, or upon actual presence of the defendant "in court and in custody."    It matters nothing, if the granted powers are of higher grade than those which the ordinance would create.    The paramount law has distinctly defined the kind of judicial power, and the mode and manner of its exercise by the mayor. The legislative department of the city can neither enlarge nor diminish the one or the other.    If any of the

prescribed limitations be substantially violated, the mayor's jurisdiction will be null and the proceeding void. Yet the ordinance under consideration contemplates the actual imprisonment of a defendant who may fail to satisfy a judgment pronounced by the mayor without the authority of a sworn complaint. We are of opinion that the ordinance, in so far as it directs a proceeding by summons, without a sworn complaint, is *ultra vires* the municipal corporation of Edina, and, therefore, void.

There was no error in the refusal of leave to amend. The defect was jurisdictional, and no amendment could relate back, so as to validate what was void from the beginning.

The judgment is affirmed. The other judges concur.