CITY OF SALISBURY, Respondent, v. ROBERT A. PATTERSON, Appellant.

**Kansas City Court of Appeals, January 10, 1887.**

PROSECUTION BEFORE JUSTICES AND MUNICIPAL AUTHORITIES — CHARACTER OF COMPLAINT AS TO SUFFICIENCY — CASE ADJUDGED. Where in the case of the prosecution of a misdemeanor before a mayor, as in this case, the complaint (which was based upon the oral report of the town marshal) was indefinite, vague and uncer-

tain, referring to no ordinance as having been violated, not even stating that the offence was committed in the city, and not showing "defendant to be present in court and in custody," as contemplated by section 4983, Revised Statutes : *Held*, that the motion in the circuit court, to dismiss for insufficiency of complaint and for want of jurisdiction, should have been sustained.

APPEAL from Chariton Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and case dismissed.*

The case is stated in the opinion.

CROWLEY & SON, for the appellant.

I. The court erred in overruling motion to dismiss, and in arrest. The record discloses no jurisdiction in the mayor, and it cannot be presumed. The court can not take judicial notice that Salisbury is a statutory city of any class ; or of its officers or ordinances. *City of Hopkins v. Railroad*, 79 Mo. 98 ; *Town of Butler v. Robinson*, 75 Mo. 192 ; *State v. Cleveland*, 80 Mo. 108 ; *Spurlock v. Dougherty*, 81 Mo. 171 ; *Cox v. St. Louis*, 11 Mo. 431.

II. Defendant was entitled to know the authority of the prosecution and the nature of the penalty. The omission to state it is fatal. *Town of Memphis v. O'Connor*, 53 Mo. 468 ; *Smith v. St. Louis*, 10 Mo. 438 ; 1 Dill. on Mun. Corp. [3 Ed.] sect. 414. An ordinance must be referred to in the complaint or none can be read in evidence. *Lewiston v. Fairfield*, 47 Me. 481.

III. The first offence is not charged to have been committed in presence of the marshal. If not, no ordinance a city might pass could dispense with the necessity for a formal warrant and complaint. *Pesterfield v. Vickers*, 3 Coldwell [Tenn.] 205 ; Whart. Crim. Law, [8 Ed.] sect. 429 ; *State v. Grant*, 76 Mo. 237.

IV. Nor does it appear *where* the offence was committed. An averment that it was done in Salisbury was

essential to the complaint. *Town of Butler v. Brown,* 75 Mo. 192 ; *Mayor v. Neill,* 3 Yeates [Pa.] 478.

V. There should have been a separate trial and judgment in Morehead's court (the mayor) upon each charge. The consolidation of both fines in one judgment was unauthorized. *Kessington v. Gleenat,* 1 Phila. [Pa.] 393.

W. H. BRADLEY, for the respondent.

I. Under the allegations of the motion to dismiss, evidence of the organization of the city of Salisbury as a city of the *fourth class ;* and as to its ordinances, was proper to be heard, and, in point of fact, was heard. That evidence is not present in the bill of exceptions. In such case the presumption is all in favor of the judgment. *State v. Huling,* 21 Mo. 464 ; *Gale v. Pearson,* 6 Mo. 253 ; *Good v. Crone,* 51 Mo. 212 ; *State v. County Court, Sullivan Co.,* 51 Mo. 522 ; *Cress v. Blodgett,* 64 Mo. 449.

II. Salisbury was a city of the fourth class. Under the law governing such cities, arrests are allowed by the marshal when offences are committed in his presence. This fact, as to arrest in his presence, appears from appellant's abstract of the record. Rev. Stat., sect. 4998.

III. The mayor has jurisdiction to try cases. Rev. Stat., sect. 4982. Oral complaint is sufficient when defendant is in court in custody. Rev. Stat., sect. 4983. In this case defendant was in court in custody, and oral complaint was made. If the party appealing does not bring up the entire record, this court will infer what is necessary to sustain the judgment. *State v. County Court, Sullivan Co.,* 51 Mo. 522 ; *Cress v. Blodgett,* 64 Mo. 449 ; *Campbell v. Allen,* 61 Mo. 581.

IV. But appellant cannot now be heard to object. *His appeal was dismissed at his request.* It is exactly analogous to a voluntary non-suit. *Poe v. Dominic,* 46 Mo. 113 ; *Heapman v. Moreland,* 33 Mo. 86 ; *Layton v. Ring,* 33 Mo. 87 ; *Schilter v. Bockwinkle,* 19 Mo. 647.

The court did not err in dismissing his appeal. Error cannot be assigned, as this was by his consent. His proper course was to except to the action of the court on his motion — defend or not on the merits — then, when final judgment was rendered against him, file his bill of exceptions and appeal. He went out of court by his own consent.

ELLISON, J. — This is a prosecution commenced before I. Morehead, mayor of Salisbury, based on an oral complaint of the marshal. Conviction, and appeal to the circuit court. Motion to dismiss for insufficiency of complaint, and for want of jurisdiction. Motion overruled. Defendant excepted and refused to prosecute his appeal further. Appeal dismissed and defendant brings the case here.

The following is the complaint as entered in the mayor's docket :

"City of Salisbury  
        vs.  
"R. A. Patterson.  
Before I. Morehead, Mayor of the city of Salisbury, Chariton county, Mo.

"This is a complaint made by Stephen Crawford, marshal of the city of Salisbury, against the defendant, R. A. Patterson, of carrying on the streets of Salisbury a concealed weapon, to-wit, a pistol ; and also charged defendant with hindering said Crawford, and attempting to hinder him from the discharge of his official duty, to-wit, from arresting one George Fuller on the night of the twenty-ninth of November, 1884."

Defendant was tried in the mayor's court before a jury, which was summoned at his instance. Under the case of *The City of Marshall v. Standard* (*post*, p. 192), he was not entitled to a jury.

The motion to dismiss the case should have been sustained for the reason that the complaint is not sufficient upon which to bottom a prosecution. It is too indefinite, vague, and uncertain. It refers to no ordin-

ance as having been violated, and as to the second charge it does not even state the offence to have occurred in the city of Salisbury. *State ex rel. Town of Neosho v. Baker*, 74 Mo. 394; *City of St. Louis v. Fitz*, 53 Mo. 582, 587; Dillon on Mun. Corp., sec. 414; *White v. City of Washington*, 2 Cranch C. C., 337; *Boothe v. Georgetown, Ib.* 356.

II. The complaint, I think, is fatally defective for another reason. By force of section 4983, it need not be in writing if made by the marshal, his assistant, or a policeman, provided, "the defendant be present in court, and in custody." It is essential that these facts appear in the record or docket entry of the verbal complaint. Under no other circumstances has the mayor authority to act on a verbal complaint. This complaint, while disclosing that it is made by the marshal, does not show the defendant to be in court and in custody.

When the complaint is made by one of the designated officers it need not be in writing, the party being in custody and in court, yet there should be such an one verbally, that the defendant may know what it is he is called upon to answer, and what ordinance he is charged with violating. And this should be entered in the mayor's docket. Otherwise there would be no safety for an accused, and if he desired to appeal it would not be known from what he was appealing. This statute is in derogation of the common law and should be strictly construed. At common law no trial for any offence, except contempts, could ever be had except upon written complaints. These were indictments or informations. "Summary prosecution and summary convictions, except for contempts, were unknown to the common law." *Prell v. McDonald*, 7 Kas. 426, 450. It must appear that the magistrate "hath strictly pursued that power, otherwise the common law will break in upon and level his proceedings," and "there must be a *record* of the whole proceedings

wherein the justice must set forth the particular manner and circumstances, so as, if he be called to account for the same by a superior court, it may appear that he has conformed to the law, and not exceeded the bounds prescribed to his jurisdiction." *Commonwealth v. Borden*, 61 Pa. St. 272. The complaint, when entered, should show the mayor had jurisdiction by alleging the existence of those facts upon which his authority to act depends.

The judgment is reversed and the case dismissed. All concur.