THE CITY OF STANBERRY, Appellant, v. ORVILLE PROCTOR *et al.,* Respondents.

### Kansas City Court of Appeals, February 8, 1892.

1. **Municipal Corporations :** VERBAL COMPLAINT OF MARSHAL. *The City of Salisbury v. Patterson,* 24 Mo. App. 169, *affirmed.*

2. —————— : AMENDED TRANSCRIPT : STATUTE. While a police justice can amend his transcript sent up to the circuit court on an appeal, so as to make it a correct transcript of all the entries in his docket, he cannot legalize his otherwise illegal acts by adding or inserting matter into his docket, making a legal standing for the city, after the case has left him ; nor does section 6347, Revised Statutes, 1889, concerning amendments on appeals in civil cases authorize such proceeding.

*Appeal from the Gentry Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Ed. E. Aleshire,* for appellant.

(1) The police judge's docket, as originally sent to the circuit court, as well as the amended transcript and the written complaint filed in the court before the same was dismissed, and each of them, were sufficient to advise the defendants of what they were charged with, and is a full compliance with the statute. R. S. 1889, sec. 1635. Consequently, the court erred in sustaining defendants' motion to dismiss, and should have sustained plaintiff's motion for new trial. (2) It is now

quite well settled in this state that a prosecution by a city for a violation of an ordinance is a civil suit in form and practice, and at most only *quasi* criminal in character, and this rule has been adopted by appellate courts in many of the states. *City of Kansas v. Clark*, 68 Mo. 588, and cases there cited; *City of St. Louis v. Knox*, 74 Mo. 79; *Ex parte Howell*, 74 Mo. 395; *City ·of St. Louis v. Marchel*, 99 Mo. 475. This court and the ·supreme court have repeatedly held that jurisdictional defects in a statement before a justice of the peace might be amended in the circuit court so as to ·confer jurisdiction, and we see no reason why the same rule will not apply equally to police judges. R. S. 1889, .sec. 6347; *Vaughn v. Railroad;* 17 Mo. App. 4; *Planing Mill Co. v. Ritter*, 33 Mo. App. 404; *King v. Railroad*, 79 Mo. 328. (3) The court properly sustained plaintiff's motion for a rule on the police judge for an .amended transcript, but in our opinion committed error in dismissing the case after the filing of the amended transcript. The practice is fully authorized both by .statute and a line of decisions. R. S. 1889, sec. 6336; *Horton v. Railroad*, 21 Mo. App. 147; *Morton v. Porter*, 63 Mo. 345; *Smith v. Chapman*, 71 Mo. 217; *McKinney v. Harral*, 31 Mo. App. 41; *Henry v. Railroad*, 44 Mo. App. 100.

*McCullough & Peery* and *Sam H. Benson*, for respondents.

(1) The original transcript filed in the circuit ·court shows the police judge to have been without jurisdiction for the following reasons: *First.* It is so vague and indefinite as not to constitute a legal charge of .gambling. *Second.* It fails to show what section of the ordinance was violated or in what the act of gambling consisted. *Third.* It fails to show that the alleged ·offense was committed within the corporate limits of the city; nor does it state or show when said ·offense is

claimed to have been committed. These are all essential averments of the charge, and unless they appear the police judge had no jurisdiction, and the circuit court on appeal could acquire none. This is settled by a long line of authorities in this state. *City of Salisbury v. Patterson*, 24 Mo. App. 169 ; *Town of Neosho v. Baker*, 74 Mo. 394 ; *City of St. Louis v. Fitz*, 53 Mo. 582 ; *Town of Butler v. Brown*, 76 Mo. 192 ; *Town of Memphis v. O'Connor*, 53 Mo. 468 ; *Missouri City v. Hutchinson*, 71 Mo. 46 ; *City of Kansas v. Flanagan*, 69 Mo. 23 ; *City of Kansas v. Ford*, 99 Mo. 91. If the police judge had no jurisdiction, as we have shown he had not, nothing the city attorney could do in the circuit court could vest that court with jurisdiction. This has been expressly ruled in this state. *City of Kansas v. Flanagan, supra ; Town of Memphis v. O'Connor; supra ; Town of Butler v. Robinson*, 75 Mo. 192 ; *Missouri City v. Hutchinson*, 71 Mo. 46. These prosecutions under city ordinance are all special statutory proceedings contrary to the course of the common law and they must be strictly pursued, and the acts of their tribunals strictly construed, and nothing can be taken by intendment. *City of Kansas v. Ford, supra.*

ELLISON, J.—The defendants were tried and convicted before the police judge of the city of Stanberry for gambling. They appealed to the circuit court of Gentry county, where the case was, on their motion, dismissed, and the city brings the case here.

The case was instituted without warrant on the verbal complaint of the marshal under the provisions of section 1635, Revised Statutes, 1889. In this respect the case is substantially like that in *City of Salisbury v. Patterson*, 24 Mo. App. 169, and we must affirm the judgment discharging defendants unless restrained by the following consideration urged by counsel of the city.

II.   In the circuit court the city filed an amended transcript, made out and made up by the police justice after the cause reached the circuit court on the original transcript.   The original transcript correctly recited and had correctly transcribed therein all the docket entries of the city justice.   Our conclusion on this point is that the police justice could not legalize his otherwise illegal acts by adding or inserting matter into his docket, making a legal standing for the city, after the cause left him by appeal.   If he had sent up an incorrect transcript of his docket he could well have made it correct by an amended or supplemental transcript, but that is not what was attempted here.

Plaintiff urged that this is only a *quasi* criminal proceeding (44 Mo. App. 125), and that section 6347, Revised Statutes, 1889, concerning amendments on appeals in civil cases from a justice of the peace should be held to authorize what he sought to do in this case. We think not.   Such section has no application to a case of this kind in a proceeding before municipal courts unless provision is made therefor.   The judgment is affirmed.   All concur.