THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR TAIT, Plaintiff in Error.

*Opinion filed December 17, 1913.*

1. INFORMATIONS—*information must allege every fact essential to existence of offense charged.* An information, like an indictment, must allege every fact essential to the existence of the offense charged, and no presumptions are indulged in its support when its sufficiency is challenged by a motion to quash.

2. SAME—*when information need not charge that the defendant "knowingly" violated statute.* Where the word "knowingly" is used in the statute and forms a part of the definition of the offense the word must be used in an information based upon the statute; but if the word is not used in the statute and the character of the offense makes it necessary to prove guilty knowledge to make out the charge, such proof is admissible under an allegation that the act was "willfully and unlawfully committed."

3. QUARANTINE—*power of the county board to make quarantine rules.* Under paragraph 116 of the act relating to counties the board of county commissioners in counties not under township organization constitutes the board of health for territory lying outside of incorporated cities and villages and has the power to make necessary quarantine rules and regulations to prevent the spread of communicable diseases; but such power cannot be exercised arbitrarily and without reference to existing conditions. (*Potts v. Breen,* 167 Ill. 67, approved.)

4. SAME—*statute authorizing county board to make quarantine regulations is not a delegation of legislative power.* The statute authorizing the board of county commissioners in counties not under township organization to make necessary quarantine regulations does not operate as an unlawful delegation of legislative power to such board.

5. SAME—*rules and regulations made by county board must be written and entered of record.* The rules and regulations which the statute authorizes the board of county commissioners to make to prevent the spread of communicable diseases must be written rules, adopted in an official manner and duly entered of record.

6. SAME—*a single case of a contagious disease is sufficient to authorize the county board to act.* A single case of a contagious disease is sufficient to call into action the power of the board of county commissioners to make a rule quarantining the house where the sick person is, and it is not necessary for the board to wait

until the disease has extended to other localities or to other persons in the same locality.

7. SAME—*quarantine regulations are not such public laws as are conclusively presumed to be known.* The rules and regulations made by the board of county commissioners, acting as a board of health, to prevent the spread of communicable diseases are not such public laws as are conclusively presumed to be known, and to sustain a conviction for violating such a regulation it must be proved that the defendant had notice of its existence.

8. CRIMINAL LAW—*what necessary to sustain a conviction for violation of a quarantine regulation.* To sustain a conviction for violation of a quarantine regulation made by the board of county commissioners, the information must allege that a regulation was duly made by the board and entered of record, the effect of which was to place the defendant's residence under quarantine, and should set out enough of such regulation to show that the act charged against the defendant was ᾽a violation thereof.

9. INSTRUCTIONS—*when error in giving and refusing instructions cannot be considered.* Alleged error in giving and refusing instructions cannot be considered in the absence of a bill of exceptions containing ῾all the evidence.

WRIT OF ERROR to the County Court of Edwards county; the Hon. P. C. WALTERS, Judge, presiding.

S. E. QUINDRY, and H. J. STRAWN, for plaintiff in error.

P. J. LUCEY, Attorney General, E. A. SCHROEDER, State's Attorney, and C. H. LINSCOTT, (ALLEN E. WALKER, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

At the April term of the circuit court of Edwards county Oscar Tait was indicted for violating a quarantine regulation of the county board of health. The indictment was certified to the county court for process and trial. The defendant filed a motion to quash the indictment, which was sustained. Thereupon the State's attorney filed an information against Tait charging him with the same offense for which he had been indicted. A motion to quash

the information was made and overruled and an exception taken. A trial was then had before a jury, resulting in a verdict finding the defendant guilty on the first and third counts of the information. After overruling motions for a new trial and in arrest of judgment the court assessed a fine against the defendant of $50 on each count and rendered judgment thereon. The constitutionality of a statute being involved, a writ of error has been sued out of this court to bring into review the judgment below.

A bill of exceptions has been incorporated into the record, but it does not purport to contain all of the evidence. On the contrary, it affirmatively shows that none of the oral testimony has been incorporated into the bill of exceptions, and the absence of such testimony is explained by the statement that no stenographic notes were taken of the testimony. The sufficiency of the information was challenged by motion to quash, and the overruling of that motion is assigned as error in this court.

The information is in three counts, the first of which, omitting the formal portions, charges that "Oscar Tait, on the 20th day of February, in the year of our Lord one thousand nine hundred and thirteen, at and in the county of Edwards aforesaid, in the State of Illinois aforesaid, and on divers other days as well before as after that date, the board of health of the county of Edwards, in the State of Illinois, having previously established certain rules and regulations for the prevention of the spread of a dangerously communicable disease, to-wit, the scarlet fever, and having directed that the said Oscar Tait, his residence and family be placed under quarantine because a member of his household was infected with a dangerously communicable disease, in pursuance of the said rules and regulations as aforesaid, the said Oscar Tait, not being then and there a resident of any incorporated city or village, did then and there unlawfully, willfully and maliciously violate and refuse to abide

by the rules and regulations of the said board of health of the county of Edwards, in the State of Illinois, by disregarding the aforesaid quarantine and leaving his residence, mingling with other people and returning thereto, thereby endangering the health and lives of other people, contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the State of Illinois."

Plaintiff in error insists that the foregoing count is defective for the following omissions: (*a*) That there is no positive averment that the board of health of Edwards county had established rules and regulations; (*b*) that there is no averment showing with certainty what the rules and regulations were; (*c*) that there is no charge that said rules and regulations were established before their alleged violation; that the words "having previously," in the information, refer to the time of filing the information and not to the time of the acts complained of; (*d*) that there is no averment that the alleged quarantine was, in fact, established against plaintiff in error's residence, the allegation in that regard being that said board "having directed that said Oscar Tait, his residence and family be placed under quarantine;" (*e*) that there is no averment that plaintiff in error had notice of the existence of a quarantine against his family; (*f*) that there is no charge that the person afflicted with scarlet fever was at the time at the home of plaintiff in error; that the allegation that the sick person was a member of his household is not equivalent to an allegation that the person afflicted was confined within the residence.

Paragraph 116 of chapter 34 of Hurd's Statutes of 1911 provides that the board of county commissioners in counties not under township organization shall constitute a board of health, and authorizes the said board, upon the "breaking out of any dangerously communicable diseases

in·their county," to· make and enforce "such rules and regulations tending to check the spread of the disease with-·in the limits of such county or town as may be necessary; and for this purpose they shall have power to quarantine any house or houses, or place where any infected person may be, and cause notices of warning to be put thereon, and to require the disinfection of the house or place." Paragraph 117 gives said board of health the following powers: "First—To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease. Second—To appoint physicians as health officers and prescribe their duties. Third—To incur the expenses necessary for the performance of the duties and powers enjoined upon the board. Fourth—To provide gratuitous vaccination and disinfection. Fifth— To require reports of dangerously communicable diseases." Paragraph 118 provides that "any person who shall violate or refuse to obey, any rule or regulation of the said board of health, shall be liable to a fine not exceeding $200 for each offense, or imprisonment in the county jail not to exceed six months, or both, in the discretion of the court."

In *Potts* v. *Breen,* 167 Ill. 67, this court had before it the validity of a general rule promulgated by the State Board of Health requiring all children to be vaccinated as a condition upon which they would be admitted to the public schools. The rule was held void on the ground that the general delegation of power to the State Board of Health, when considered in connection with other provisions of the statute defining the purposes of said board, did not authorize the promulgation and enforcement of the rule without reference to any emergency requiring action on the part of the board to preserve the public health and to prevent the spread of contagious or infectious diseases. While the above decision involves the construction of ·a different statute from the one upon which the present prosecution is

based, the same general principle involved there will apply here and the rules of construction should be the same in both cases. That case holds that boards of health may not exercise the powers vested in them arbitrarily and without reference to existing conditions. It never was the intention of the legislature to grant unlimited discretion to these boards, the exercise of which might deprive citizens of legal rights, when no public necessity existed for so doing. Such boards have neither legislative nor judicial powers. Their functions are purely ministerial, and must be exercised, within reasonable limits, for the purpose of suppressing diseases and preserving the health of the people, which is the purpose for which they are created. The legislature may, in the exercise of the police power of the State, create ministerial boards with power to prescribe rules and impose penalties for their violation and provide for the collection of such penalties, and the exercise of this power by the legislature is not a delegation of legislative power.

Plaintiff in error's contention that the act of the legislature of 1901 is unconstitutional because it delegates legislative power to boards of health cannot be sustained. While the power to make reasonable rules and regulations does, and must of necessity, exist in boards of health, still the exercise of such power must be safeguarded so as to protect the rights of the citizen. Such rules and regulations are not public laws, which are conclusively presumed to be known. It would be monstrous to hold that a citizen was to be penalized for the violation of a rule or regulation of which he had no knowledge, and it would likewise be opening the door for oppression to hold that rules and regulations should be enforced which were not made a matter of record. Taking the entire statute into consideration, we think the "rules and regulations" which boards of health are authorized to make must be written rules, adopted in

an official manner and duly entered of record. To hold otherwise would be to give the legislation a construction which would render it invalid.

Recurring to the first count of the information, it will be seen that it does not aver the necessary facts to show the existence, as against plaintiff in error, of a valid rule or regulation. It is not averred in the information that the county board of Edwards county made and entered any rule or regulation of record in relation to a class of persons or to conditions which would include plaintiff in error or his premises. While it is necessary, to sustain a conviction under this statute, to prove that plaintiff in error had notice of the existence of the rule which he is charged with violating, still it is not indispensable to an information or an indictment under this statute that the word "knowingly" should be used. That word is not found in the statute upon which the prosecution is based and is no part of the definition of the offense. The rule is, that where the word "knowingly" is used in the statute and forms a part of the definition of the offense it must be used in the information based upon such statute. (2 Bishop's New Criminal Proc. 482; Bishop on Stat. Crimes, sec. 733.) Where, however, the word is not used in the statute but the offense is of such a character that it is necessary to prove guilty knowledge to make out the charge, proof thereof may be admitted under an indictment alleging that the act was "willfully and unlawfully committed." (15 Ency. of Pl. & Pr. 432; *Wong* v. *Astoria,* 13 Ore. 538.) The information was sufficient in this regard. An information, like an indictment, must allege every fact essential to the existence of the offense charged, and no presumptions are indulged in its support when its sufficiency is challenged by a motion to quash. The information does not allege, even inferentially, that any rule or regulation had been established of record the effect of which was to

place the residence of plaintiff in error under quarantine. The allegation on this point in the information is, "having directed that the said Oscar Tait, his residence and family be placed under quarantine." The penalty imposed by paragraph 118 of the statute is for the violation of the rules and regulations of the board of health. A direction that a thing be done may be an entirely different matter from a rule requiring it to be done. Plaintiff in error could not incur the penalties of the statute for a violation of a mere direction, unless embodied in a duly established rule.

Plaintiff in error makes the further point that the information fails to show the existence of any emergency justifying the action of the board of health. If it was affirmatively shown that a single case of scarlet fever or other dangerous and communicable disease existed in a house, we think that that would be sufficient to call the powers of the board into action. It is not necessary that the board should wait until the disease is extended to other localities or other persons in the same locality. There is, however, no affirmative allegation here that a case of scarlet fever existed at the place directed to be placed under quarantine. The allegation is that a case of scarlet fever existed in the "household" of the plaintiff in error. The word "household" is equivalent to the word "family." It need not necessarily be a wife or child. (4 Words and Phrases, 3361.) Manifestly, to justify quarantine the afflicted person must be within the place to be quarantined. One may be a member of a household or a family and be temporarily away from the family dwelling place. If a member of a family was stricken with a contagious disease while away from home that circumstance would not deprive him of the character of a member of the family, but it would be a sufficient reason for not placing a quarantine against the dwelling house where such person resided.

The first count of the information is defective and the court erred in refusing to quash it.

The second count of the information charges that the plaintiff in error "did unlawfully, willfully and maliciously violate and refuse to obey the rules and regulations of said board of health by sending or permitting his minor daughter, Eva Tait, to attend the public school in district No. 45, in Edwards county, while she was then and there afflicted with scarlet fever and while under the aforesaid quarantine," etc. This count is open to the objection that there is no averment that any rule had been officially and duly established by the board of health of Edwards county. The same objection exists as to the third count, which charges the violation of the rules and regulations of said board against plaintiff in error "by leaving his residence while a member of his family was afflicted with a dangerously communicable disease, to-wit, scarlet fever, and mingling with other people and returning to his aforesaid residence," etc.

All of the counts of the information are open to the objection already pointed out as to the first count,—that there is no positive averment that a valid rule had been adopted declaring a quarantine which would include the residence of plaintiff in error. In the view that we take of this proceeding it is necessary, in order to sustain a conviction, that there should be a reasonable and valid rule entered of record by the board of health, and that the indictment or information which is based upon a violation of such rule should aver that such rule was duly entered, and set out at least enough of said rule to show that the act charged constituted a violation thereof. Even in civil actions based upon the violation of a municipal ordinance it is regarded as the better practice to set out a full statement as to the ordinance, so that all questions as to its sufficiency may be raised by a demurrer. (*Missouri City* v. *Hutchinson*, 71 Mo. 46; *White* v. *Neptune City*, 56 N. J. L. 222; *Fink* v.

*Milwaukee,* 17 Wis. 26.) By all rules of pleading enough must be shown to establish the liability of the person charged, and this must distinctly appear from the pleading. (15 Ency. of Pl. & Pr. 424.) This rule results from the private character of such ordinances, of which no court other than those of the municipality can take judicial notice.

The errors assigned upon the giving and refusing of instructions cannot be considered in the absence of a bill of exceptions containing all of the evidence. *Thompson v. People,* 125 Ill. 256.

For the error in refusing to quash the information the judgment of the county court of Edwards county is reversed and the cause remanded.

*Reversed and remanded.*