## COURT OF APPEALS.

### July, 1918.

### THE PEOPLE v. EDWARD L. HEWSON.

#### (224 N. Y. 136)

PUBLIC HEALTH LAW, § 203—DENTISTS—PRACTICE OF DENTISTRY UNDER
NAME OF ANOTHER—WHEN ADVERTISEMENT DOES NOT CONSTITUTE PRAC-
TICE UNDER AN ASSUMED OR TRADE NAME CONTRARY TO STATUTE.

The People sue to recover a penalty for violation of section 203 of the
Public Health Law (Cons. Laws, ch. 45, amd. L. 1916, ch. 129; L. 1917,
ch. 507). The defendant is a licensed dentist. More than twelve years
ago he bought the business of another dentist named King, and continued
it until September 1, .1916, under the name of "King Dental Offices."
In order to comply with the statute which made it a misdemeanor to
practice dentistry under a false or another name, a change became neces-
sary. The indictment is based on an advertisement published in a news-
paper which states that the dental offices are those of Dr. E. L. Hewson,
and that the work is Dr. E. L. Hewson's work. At one place after the
words " Dr. E. L. Hewson's Offices," he added the words " formerly King
Dental Offices." *Held,* that this does not amount to practice under an
assumed or a trade name. On the contrary, it is an abandonment of
the assumed name and a disclosure of the true one and is not a violation
of the section in question.

(People v. Hewson, 181 App. Div. 212, reversed.)

APPEAL, by permission, from a judgment of the Appellate
Division of the Supreme Court in the third judicial department,
entered January 9, 1918, in favor of plaintiff entered upon the
submission of a controversy under section 1279 of the Code of
Civil Procedure.

The nature of the controversy and the facts, so far as material,
are stated in the opinion.

*H. J. Hennessey,* for appellant.

The publication of the advertisement did not constitute the
practice of dentistry and did not make defendant guilty of a

crime nor subject to a penalty. (L. 1916, ch..129, §§ 174, 190, 203; People v. Woodbury Dermatological Institute, 192 N. Y. 454, 458; People v. Somme, 120 App. Div. 20.) The statutes relied upon by the plaintiff being highly penal, will be strictly construed. (Wood v. Erie R. R., 72 N. Y. 196; Zimmerman v. Erhard, 83 N. Y. 74; Rosenheim v. Rosenfield, 13 N. Y. Supp. 720; Fisher Co. v. Woods, 187 N. Y. 90.)

*Merton E. Lewis, Attorney General (Edward G. Griffin* of counsel), for respondent.

The act of the defendant in the use of the name " King " is an obvious attempt at evasion of a police power statute and amounts to misrepresentation. (People v. Griswold, 213 N. Y. 92; Matter of Co-operative Law Co., 198 N. Y. 479; Hannon v. Seigel-Cooper Co., 167 N. Y. 244; Williams v. N. Y. Herald Co., 165 App. Div. 529; Hildreth v. McCaul, 70 App. Div. 162; Colton v. Thomas, 2 Brewst. 308; Meneely v. Meneely, 62 N. Y. 427.)

CARDOZO, J.:

The People sue to recover a penalty for the violation of section 203 of the Public Health Law (Consol. Laws, ch. 45). By an amendment of that section which took effect on September 1, 1916 (L. 1916, ch. 129), it was made a misdemeanor, punishable by fine and imprisonment, to " practice dentistry under a false or assumed name or under a license of registration of another person of the same name or under the name of a corporation, company, association, parlor or trade name " (Pub. Health Law, § 203, subd. B 4). " Legally incorporated dental corporations existing and in operation prior to January 1, 1916," were excepted. By another amendment, adopted in 1917 (L. 1917, ch. 507), an offender was subjected to a penalty of $100 for each offense to be recovered in a civil action at the

suit of the attorney-general, the recovery to be no bar to a criminal prosecution (Public Health Law, § 203, subd. D).

The defendant is a licensed dentist. More than twelve years ago he bought the business of another dentist named King, and continued it until September 1, 1916, under the name of " King Dental Offices." To comply with the statute a change then became necessary. The defendant was no longer at liberty to practice under any name except his own. The question is whether an advertisement published in a newspaper in Binghamton in July, 1917, has exposed him to the statutory penalty.

In that advertisement he states repeatedly that the dental offices are those of Dr. E. L. Hewson, and that the work is Dr. E. L. Hewson's work. He is criticized because at one place after the words " Dr. E. L. Hewson's offices," he has added the words " formerly King Dental Offices." This does not amount to practice under an assumed or a trade name. On the contrary it is an abandonment of the assumed name, and a disclosure of the true one. Not even the casual reader could mistake the practitioner's identity. It is as if he were to tell the public that he had succeeded to another's business. Undoubtedly he hoped that patients who had formerly gone to King would thereafter go to Hewson. We cannot hold him guilty for thus connecting his present with his past. The statute is penal; its violation is a crime. We may not amplify it by construction (Wood v. Erie R. Co., 72 N. Y. 196, 198; Zimmerman v. Erhard, 83 N. Y. 74, 77; Gibbs v. Arras Brothers, 22 N. Y. 332, 335; U. S. v. Bathgate, 246 U. S. 220, 225.)

Our decision does not reach beyond the precise facts before us. There may be cases where the true name is so suppressed and the old name so emphasized that the public are likely to be misled. The form of type and other devices may bring about that result. What the rights of the People may then be, we do not now decide. We will deal with such cases as they arise. It is enough to say that veiwing this advertisement as a whole,

we cannot find there the purpose or the potency of deception. But even if those elements were present, it would be for a jury, and not for us, to find them. In a controversy submitted under section 1279 of the Code of Civil Procedure, no inferences may be drawn except those that follow as a matter of law from the facts stated. (Marx v. Brogan, 188 N. Y. 431; Bradley v. Crane, 201 N. Y. 14, 20; Cerf v. Diener, 210 N. Y. 156, 162.) There is no room in such proceedings for inferences that follow doubtfully from facts of equivocal import. We are asked to hold this defendant guilty of a crime by imputing a sinister purpose and potency to words fair upon their face. The imputation if it were possible, would not fall within our province.

Other features of the advertisement are criticized by the People, but with even less support in reason.

The judgment of the Appellate Division should be reversed, and judgment ordered for the defendant, with costs in the Appellate Division in this court.

CHASE, J.:

I concur in the result. In the advertisement in question the defendant placed his " trade name " in very large type at the bottom thereof so as to appear on a casual observation as the signature and subscription thereto. When he used his real name therein he placed it in small type. By such and other devices the advertisement is calculated to deceive the public. If an action had been brought against the defendant for the penalty provided by the statute and at a trial the jury had found on the evidence before us that the defendant by the advertisement so suppressed his true name and emphasized his trade name that the public were likely to be misled thereby, a judgment upon the verdict should, I believe, be upheld. I have no doubt that as a matter of fact the defendant intended by the advertisement and the devices contained therein to avoid the real purpose of the statute and continue the practice of dentis-

try under the trade name substantially as theretofore conducted by him.    I concur in the decision about to be made herein solely because the purpose of the defendant cannot be determined as a matter of law.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN and McLAUGHLIN, JJ., concur with CARDOZO, J., and CHASE, J., concurs in result in opinion.

Judgment reversed, etc.