CLAUS LAFRINZ, Respondent, *v.* PAYNE WHITNEY et al., as Executors of OLIVER H. PAYNE, Deceased, Appellants.

Submission of a controversy — the courts cannot draw inferences from facts stated except those that follow as matter of law — will — construction of provision making bequests to persons " customarily employed as part of my household in my house " — watchman employed to guard exterior of testator's house is not within such provision.

1. On a submission of a controversy on an agreed statement of facts pursuant to the statute (Code Civ. Pro. §§ 1279–1281) no inferences can be drawn from the facts stated except those that follow as matter of law. Inferences in such proceedings are not to be indulged in if they are drawn from controverted or equivocal facts, and unless facts be stated from which a legal conclusion can be drawn, then the issue is one which must be presented and decided in an action and not in a statutory proceeding of this character.

2. After giving specific legacies to named persons, if in his employ at the time of his death, testator made the following provision: " I give and bequeath the following additional legacies * * * To

each person not hereinbefore named, who at the time of my death shall be in my service and shall then be customarily employed as part of my household·in my house in New York City, or in my country house in Ulster County, New York " (certain sums varying with the terms of service).   Plaintiff, at the time of testator's death, was, and for upwards of eighteen years had been, in his service, customarily and continuously employed as a watchman, watching the exterior of his New York city residence.   By reason of that fact he claims to be within the above provision of the will and entitled thereby to receive from testator's estate the legacy provided, with interest. *Held*, that plaintiff cannot recover; that he was not customarily employed as part of testator's household at the time of his death but, as stated in the submission, was " customarily and continuously employed as a watchman, watching the exterior of the house."   The beneficiary must not only have been in his service, but he must have been customarily employed as " part of my household in my house; " hence, plaintiff does not come within the provision of the will which has been considered.

   *Lafrinz* v. *Whitney*, 195 App. Div. 131, reversed.

   (Argued January 16, 1922; decided February 28, 1922.)

   APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 18, 1921, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

   *E. DeT. Bechtel* for appellants.   The opinion of the Appellate Division discloses that the facts set forth in the submitted case were regarded by the court as merely evidentiary.   As the court drew inferences and con-· clusions of fact, its judgment should be reversed.   (*People* v. *Hewson*, 224 N. Y. 136; *Cerf* v. *Diener*, 210 N. Y. 156; *Marx* v. *Brogan*, 188 N. Y. 431; *Clark* v. *Wise*, 46 N. Y. 612.)   On the case as submitted, regarding the statement that the plaintiff was employed as a watchman watching the exterior of the decedent's house as the statement of an ultimate fact, the court should have rendered judgment for the defendants.   (*Woodward* v. *Murray*,

18 Johns. 400; *Fink* v. *Fraenkle*, 14 N. Y. Supp. 140; *Matter of Lambson*, 14 Fed. Cas. 8029; *People* v. *Lait*, 261 Ill. 197; *Ogle* v. *Morgan*, 1 DeG., M. & G. 359; *Booth* v. *Dean*, 1 M. & K. 560; *Vaughan* v. *Booth*, 16 Jur. 808; *Matter of Drax*, 57 L. T. Ch. 475; *Frazer* v. *Weld*, 177 Mass. 513.)

*Gustav Goodmann* for respondent. The court is not bound by the exact language of the submission, but may construe the facts submitted in the light of contemporaneous regulations, usages and customs. (*Herald Square Realty Co.* v. *Saks & Co.*, 215 N. Y. 427; *Muller* v. *Kling*, 149 App. Div. 176.) The plaintiff being a watchman was employed as part of the testator's household and entitled to share under the last paragraph of article III of the will. (*Cole* v. *Fitzgerald*, 1 Sim. & St. 189; *Kelly* v. *Poulet*, 27 Eng. Rep. 393; *Dayton* v. *Tillon*, 1 Robt. 21; *Matter of Frazer*, 92 N. Y. 239; *Alsup* v. *Jordan*, 69 Tex. 304; *Huston* v. *State Ins. Co.*, 100 Iowa, 402; *Armstrong* v. *Clavering*, 27 Beav. 226; *Thrupp* v. *Collett*, 26 Beav. 147.) In construing the will the intention of the testator must govern. (*Tilden* v. *Green*, 130 N. Y. 29; *Lewisohn* v. *Henry*, 179 N. Y. 352; *McGoldrick* v. *Bodkin*, 140 App. Div. 196; *Philip* v. *Davies*, 92 N. Y. 199.)

McLAUGHLIN, J. This appeal is from a judgment of the Appellate Division, first department, one of the justices dissenting, in favor of the plaintiff, entered upon the submission of a controversy on an agreed statement of facts pursuant to sections 1279–1281 of the Code of Civil Procedure.

On the 27th of June, 1917, Oliver H. Payne died, leaving a last will and testament which was duly admitted to probate and letters testamentary issued to the executors therein named. The question presented by the submission, and now by the appeal from the judgment of the Appellate Division entered thereon, involves the con-

struction of a portion of the third article of the testator's will.

Before proceeding to consider the question, it may not be out of place to call attention to the fact that in a submission of this character no inferences can be drawn from the facts stated except those that follow as matter of law. (*People* v. *Hewson*, 224 N. Y. 136.) Inferences in such proceedings are not to be indulged in if they are drawn from controverted or equivocal facts. (*Cerf* v. *Diener*, 210 N. Y. 156.) Unless facts be stated from which a legal conclusion can be drawn, then the issue is one which must be presented and decided in an action and not in a statutory proceeding of this character. (*Marx* v. *Brogan*, 188 N. Y. 431.)

It appears from the submission that the testator had a home in New York city, a country place at West Park, Ulster county, N. Y., and another at Thomasville, Ga. He also had a yacht, fully manned and equipped.

The plaintiff, at the time of the death of the testator, was and for upwards of eighteen years had been, in his service, customarily and continuously employed as a watchman, watching the exterior of his New York city residence. By reason of that fact it is claimed he comes within the provision of the third article of the will hereafter quoted, and entitled to receive from the estate the sum of $6,400, with interest from the 16th of August, 1918.

In the third article of the will various bequests are made. First, to Emma Christine Larson, the sum of $50,000. This is followed by bequests to certain specified persons, if they be employed on his yacht at the time of his death: to his sailing master, $25,000; chief steward, $3,000; chef, $2,000; assistant chef, $1,000; carpenter, $1,500; boatswain, $2,000, and quartermaster, $1,000. Next, if the persons be in his employ at the time of his death: To the superintendent of his country place at West Park, Ulster county, N. Y., $5,000, and to his wife, $5,000; to the superintendent of his country place

at Thomasville, Ga., $5,000, and to his wife, $5,000; to his chauffeur, $3,000; and to an employee in his household at Thomasville, Ga., $3,000. Then follows the provision of the third article which is involved in the controversy here under consideration, which reads as follows:

" I give and bequeath the following additional legacies, with my tender farewell and warm thanks for faithful and careful attendance: * * * To each person not hereinbefore named, who at the time of my death shall be in my service and shall then be customarily employed as part of my household in my house in New York City, or in my country house in Ulster County, New York, the sum of three thousand dollars, if he or she shall have been in my service for two years, with the further sum of two hundred dollars for each year, or portion of a year in excess of two years, and the sum of one thousand dollars if he or she shall have been in my service for less than two years."

Was the plaintiff employed as a part of the testator's household in New York city at the time of his death? I am of the opinion he was not. The submission states that he was " customarily and continuously employed as a watchman, watching the exterior of the house." It will be observed that the testator, in the third article, specifically named those who were not customarily employed as a part of his household. Then he gave " to each person not hereinbefore named, who * * * shall then be customarily employed as part of my household in my house in New York City or in my country house in Ulster County, New York * * *." By this provision, it seems to me, he clearly intended to exclude all other persons in his general employ who had not been named. The beneficiary must not only have been in his service, but he must have been customarily employed as " *part of my household in my house.*" Observe that he must not only be employed as a part of his household, but *in his house.*

. The word " household " is defined as: " An organized family and whatever pertains to it as a whole; a domestic establishment." (Century Dictionary.) Also as: " Those who dwell under the same roof and compose a family; a domestic establishment; family." (Webster's New International Dictionary.) According to the lexicographers, " household " means a family living together. (*Woodward* v. *Murray*, 18 Johns. 400.) " Household " is equivalent to the word " family." (*People* v. *Tait*, 261 Ill. 197.)

In *Frazer* v. *Weld* (177 Mass. 513) where a testator gave and bequeathed to each one of his servants who at the time of his death should have been in his employ at his homestead, or at his stable ·connected therewith, for a certain time, the sum of $1,000, the court was of the opinion that the word " homestead " was used as the equivalent of the word " dwelling house " and, therefore, that the plaintiff, whose work was not in the dwelling house, but plowing, chopping wood, acting as watchman, etc., did not come within the provision of the will.

. In *Ogle* v. *Morgan* (1 DeG., M. & G. 359) it was held that a head gardener did not take under a will giving " to each person as a servant in my domestic establishment at the time of my decease a year's wages beyond what shall be due to him or her for wages."

In the present case, under the submission, it does not appear that the plaintiff either slept in the house, took his meals there, or in fact was ever *in* the house, and the bequests were only to such persons as were customarily employed as part of the testator's household in his house. The plaintiff certainly cannot be said to have been thus employed. It could just as well be urged that a gardener, or a coachman, or a person employed to render service of any kind about the place came within the provision.

The testator desired to reward members of his house-

hold in his house and to exclude those who were not members of his household in his house unless they were specifically mentioned.

I am of the opinion that the plaintiff does not come within the provision of the will which has been considered and, therefore, the judgment of the Appellate Division should be reversed and judgment directed in favor of the defendants, without costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.