Joseph A. Cox, S.
The testator was the president and principal shareholder of a corporation which had established a profit-sharing plan for the benefit of its employees. By his will, the testator bequeathed shares of the corporate stock to the trustees of the profit-sharing plan. This proceeding was brought for a determination as to the validity and effect of such bequest.
Residuary legatees contend that the bequest is an invalid attempt at incorporation by reference and that, in any event, the bequest must fail for lack of a legal entity to accept the testamentary gift. The first ground for attack upon the bequest is answered by Matter of Ivie (4 N Y 2d 178) where the court said (pp. 181-182): Not every attempt to dispose of property by testamentary reference to another instrument will be thwarted. Matter of Rausch (258 N. Y. 327), wherein a similar bequest to the trustees of an unalterable trust was sustained, indicates that, if the trust instrument is in existence at the time the will was executed, if it is precisely and adequately identified therein, and if the opportunity for fraud is for all practical purposes eliminated, the testamentary provision may be upheld (cf. Matter of Fowles, 222 N. Y. 222; Matter of Piffard, 111 N. Y. 410). To be sure, where the trust itself remains unimpaired and substantially the same as it was at the time of the execution of the will, and certainly where the amendments are concerned solely with the administrative provisions of the trust deed, it cannot be said to come within the purview of the rule against incorporation by reference. Moreover a will provision is not necessarily defeated although events may occur and documents may be altered after the execution of the will determining either the identity of a beneficiary or the amount of a bequest (cf. Matter of Fowles, supra; Matter of Piffard, supra; Lafrinz v. Whitney, 233 N. Y. 107; Langdon v. Astor’s Executors, 16 N. Y. 9). We believe that as long as adequate safeguards are employed, the rule against incorporation by reference should not be carried to ‘ a drily logical extreme (Matter of Fowles, supra, p. 233.) ”
As to the further ground for opposition it is the view of this court that the plan is within the purview of section 13-e of the *591 Personal Property Law, and that the bequest is not one to an unincorporated association but, instead, is to the trustees of the plan, to hold and administer the bequest as an addition to the principal of the existing trust for the benefit of the corporation’s employees.