Charles Gold, J.
This case was submitted to the court on a stipulated statement of facts as follows:
Defendant insured plaintiff via a family combination automobile polidy for, among other things, medical payments. Plaintiff is divorced from his wife and they reside in different cities. Plaintiff’s wife has legal custody of their daughter, who resides with her mother. Plaintiff has rights of visitation including the right to have his daughter with him for four weeks each summer and is also responsible under the terms of the separation agreement for medical payments.
In May of 1968, the daughter, then about 17 years old, was struck by an automobile and as a consequence sustained personal injuries requiring medical attention costing $1,613.72, the amount in suit. Plaintiff having paid the expenses, has brought suit seeking reimbursement under the terms of the policy.
The relevant portion of the policy (Part II — Expenses for Medical Services; Coverage C — Medical Payments; Division One) states that the insurer will pay all reasonable medical expenses (reasonableness is not disputed here) “to or for the named insured (plaintiff) and each relative who sustains bodily injury * * * caused by accident.” “ Relative ” is defined in the policy as follows: “ A relative of the named insured who is a resident of the same household”. Therein lies the legal question upon which this case turns. Was the *881 infant daughter a resident of plaintiff’s household at the time of the accident? This court thinks not.
In view of the proliferation of divorces and separations in recent years one would imagine that cases of the instant nature would have been the subject of prior treatment by the New York courts. However, a careful study of New York law reveals no decision dealing with the specific challenge posed by these facts and policy provision. The cases submitted by counsel furnish no guidance as they do not deal with comparable situations. The court may not predicate its holding in this case on decisions dealing with the status of a child at school or in military service. These are considered temporary abodes, and a child in such circumstances is considered to be a resident of the parents’ household by virtue of the clearly temporary and nonpermanent nature of the residency.
There is no definition of the word “ household ” in the insurance contract and it is not defined in the Insurance Law. Black’s Law Dictionary [4th ed.] (giving credit to Webster’s) defines household-as 1‘ those who dwell under the same roof and comprise a family ”. (See, also, Woodward v. Murray, 18 Johns. 400; Matter of DeForest, 172 Misc. 515.)
The thrust of this particular interpretation provides a concrete foundation and solid jumping-off point from which to construct a common sense workable definition of “ household ”. “The courts have constantly stressed the common ‘living under one roof ’ as a signal characteristic of a household. ’ ’ (See Hartford Acc. & Ind. Co. v. Casualty Underwriters, 130 F. Supp. 56, 58.)
In Hartford the facts are almost identical with those in the instant case. The parents were separated and living in different States, the son was living with the mother and occasionally he stayed with the father. The father was insured under a policy similar to the one in the instant case and when the son was involved in an accident the court was confronted with the question of whether or not the son was a member of the father’s household. Ruling that he was not, the court stated that temporary visits did not make the son a member of the father’s household, citing Lumbermens Mut. Cas. Co. v. Pulsifer (41 F. Supp. 249).
In Lumbermens the court defines (p. 251) “household” as “ a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof * * * subsisting in common and directing their attention to a common object, the promotion of their mutual interests and social happiness.”
*882 This court believes that definition to be a sound, comprehensive, and logical one and therefore adopts as its own that yardstick by which to determine the rights and obligations of the parties. If the court were to use any other measure the result would be inconsistent with our societal structure.
The court finds as a matter of law, that plaintiff’s daughter was not a resident of plaintiff’s household at the time of the accident; that she was not a relative as defined by the insurance contract; and, as a consequence, was not covered by the policy.
Judgment for the defendant.