———o———

THE INHABITANTS OF THE TOWN OF MEMPHIS, Appellants, *vs.* JOHN O'CONNOR, Respondent.

1. *Ordinances—Fines, suits for—Particularity of statements.*—In proceedings to recover a fine for violation of a town or city ordinance, it is sufficient if the statements inform the defendant with reasonable certainty of what he is called upon to answer. The technical accuracy of an indictment is not required.

2. *Ordinances of towns—Fines, suits for—Statements therein.*—A suit to recover a fine for breach of an ordinance of a town organized under W. S., Ch. 124, is a civil action. A complaint on such a cause of action, whose only charge is, " that the defendant committed a certain offense contrary to an ordinance of the town," is bad, and the suit must be dismissed upon motion.

*Appeal from Scotland Circuit Court.*

*Nat. M. Gwynne,* for Appellants.

I. Technicalities should not be regarded in pleadings before courts of limited jurisdiction.

It was the duty of the Circuit Court to proceed to hear, try and determine this cause upon the merits.

*Keys & Knott,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was prosecuted, convicted and assessed to pay a fine in a proceeding before the town authorities for an alleged violation of an ordinance.

He appealed to the Circuit Court, where upon his motion the case was dismissed, and the plaintiff has brought the cause here.

The main question is, whether the complaint filed, and upon which defendant was tried, was so palpably insufficient as to justify the court in dismissing the case.

The only charge contained in the complaint was, that the defendant committed a certain offense contrary to an ordinance of the town. It is the well established doctrine in this State, that in proceedings to recover a fine for the violation of a town or city ordinance, it is not necessary for the statement to be as technical as an indictment. It is sufficient if it informs the defendant with reasonable certainty of what he is called upon to answer. (St. Louis vs. Smith, 10 Mo., 438.)

But tested by this rule, the complaint is not good. It refers to no particular ordinance; does not state what the penalty is for the supposed offense, nor does it allege such attendant circumstances as to advise the defendant of the cause of action.

The statute, which governs this proceeding, (W. S., (3rd Ed.) 1318, § 16) declares, that all fines and penalties accruing to any town, organized under the provisions of the statute, may be recovered by a civil action. But the complaint here would not be a good statement in any civil action, and there-

fore it cannot be permitted as a basis to uphold or sustain the proceedings. Nor do we think the court erred in refusing the application for an amendment. The amendment changed the character of the case, and was not allowable.

Let the judgment be affirmed. The other Judges concur, except Judge Sherwood, who is absent.