CITY OF MARSHALL, Respondent, v. GEORGE W. STANDARD, Appellant.

Kansas City Court of Appeals, January 10, 1887.

1. VIOLATION OF MUNICIPAL ORDINANCE—WHAT IS CRIMINAL OFFENCE UNDER CONSTITUTION.—Where the charge, in a complaint made before the mayor of a city, is merely the violation of a valid municipal ordinance, the prosecution thereof otherwise than by indictment or information would not fall under the ban of section 12, of the Bill of Rights. Such a violation would not be regarded as a criminal offence in the sense of the constitution. *Ex parte Hollwedell*, 74 Mo. 395.

2. —— PROVISIONS AS TO JURY TRIALS FOR MUNICIPAL OFFENCES. Where no provision is made for a jury trial for municipal offences, in cities of the *fourth class*, in this state, it is to be taken that the legislature has not intended there shall be jury trials in such municipalities. And the statute (sects. 4982, 4992, Rev. Stat.) *provides* that all prosecutions arising under ordinances shall be tried and determined by the mayor without the intervention of a jury. It is competent for the legislature to provide for a trial in this summary way. *Vaughan v. Scade*, 30 Mo. 600.

3. —— SUFFICIENCY OF COMPLAINT—WHAT IT SHOULD CONTAIN. The allegation "contrary to the form of the ordinances of said city" (in a case such as this is), is too indefinite. The defendant should be able to learn from the complaint, which of the ordinances he is accused of violating.

APPEAL from Saline Criminal Court, HON. JOHN E. RYLAND, Judge.

*Reversed and case dismissed.*

The case is stated in the opinion.

BOYD & SEBREE, for the appellant.

I. Defendant's motion to dismiss should have been sustained, because the complaint did not show or charge that the person arrested (and whom defendant is

charged with assisting to escape) was charged with any offence whatever, or was guilty of any. The offence of resisting an officer or rescuing a prisoner may be either a felony or a misdemeanor. Rev. Stat., sects. 1436, 1444, 1466, 4983; *State v. Henderson*, 15 Mo. 487.

II. Plaintiff had no authority to pass the ordinance in question. And the mayor has no jurisdiction to try such cases. The offence is a criminal offence and defendant upon trial of it is entitled to a jury. The penalty may be imprisonment in penitentiary, county jail, or fine. Const. Mo., art. II., sects. 23 and 28; Rev. Stat., sect. 2045.

III. The only authority of the plaintiff, in this case, is that given by section 4940, Revised Statutes. Its power, under that section, is limited to a fine of one hundred dollars. The offence referred to in the ordinance is a criminal offence, and the accused has the right to a trial by the jury, both by the constitution and laws of this state. Const. Mo., art. II., sects. 22, 28; Rev. Stat., sect. 2045; *St. Louis v. Bentz*, 11 Mo. 61; 1 Dillon on Mun. Corp. (3 Ed.) sects. 329, 368, 433.

H. M. HARVEY and LESLIE OREAR, for the respondent.

I. In complaints of this kind it is only necessary to inform the defendant what he is called upon to answer, the complaint need not be as technical as an indictment. *City of St. Louis v. Smith*, 10 Mo. 439.

II. Plaintiff had authority to pass the ordinance in question, under section 4940, Revised Statutes. *St. Louis v. Caffarata*, 24 Mo. 96; *St. Louis v. Bentz*, 11 Mo. 61.

III. The mayor of plaintiff had jurisdiction to try the case. Rev. Stat., sect. 4982. This does not prohibit jury trial, jurisdiction refers to courts alone, not to

juries. Rev. Stat., sect. 13, ch. 3; *Ibid.*, sect. 23, ch. 3. Even if sections 4982 and 4992, Revised Statutes, prohibit jury trials in the mayor's court; and afterwards defendant was allowed appeal, and trial by jury in the appellate court, then his constitutional right to trial by jury was not invaded. *Stewart v. Mayor*, 7 Md. 501; *Morford v. Barnes*, 8 Yerger (Tenn.) 441; *Dorgan v. Boston*, 12 Allen (Mass.) 223; Cooley's Const. Lim. 410; *Inwood v. State*, 42 Ohio, 186.

IV. The statutory offence of resisting an officer and rescuing a prisoner, and the offence under the ordinance of the city are different offences, and the penalties are different. Bishop Stat. Crimes, 23; *U. S. v. Cruikshank*, 92 U. S. 550.

ELLISON, J.—The defendant is charged with a violation of an ordinance of the city of Marshall, in reference to the resistance of officers. The complaint was made by the city marshal and was verbal, the defendant being at the time in court and under arrest; the charge being entered of record by the mayor in words as follows: "June 20, 1885, Joseph W. Bartlett, city marshal, informs the mayor that at the city of Marshall, on the twentieth day of June, 1885, one Geo. W. Standard, now in court, and in custody, did then and there forcibly oppose a policeman, to-wit: Phillip Coiner, deputy marshal of the city of Marshall, in making the lawful arrest of Abe Allenberg, and then and there did aid the said Abe Allenberg, the person arrested, to escape from said Phillip Coiner, policeman aforesaid, contrary to the form of the ordinances of said city, and against the peace and dignity of said city and the state of Missouri."

Defendant filed his motion to dismiss, on the ground that the charge against him did not state facts sufficient to show a violation of any ordinance of plaintiff, or any law of the state.

The motion was overruled, plea of not guilty en-

tered, and on trial before the mayor, defendant was found guilty and fined sixty dollars.

He appealed to the criminal court of Saline county.

At September term of the criminal court, defendant filed a motion to dismiss, on the ground: (1) That the complaint entered against him did not state facts sufficient to constitute a cause of action, and did not state facts sufficient to show a violation of any ordinance of plaintiff, or any *law of this state*, in this, that it did not state or show that Abe Allenberg, the person charged to have been arrested, in escaping, was charged with any offence whatever, and did not state any fact which could authorize the officer in arresting him or holding him in custody. (2) That the mayor of plaintiff had no jurisdiction over the offence charged, or attempted to be charged, in the complaint. (3) Because the plaintiff had no power to pass any ordinance imposing a fine, penalty, or forfeiture for the offence of resisting an officer.

Defendant's motion was overruled. A plea of not guilty was entered; on trial defendant was found guilty and fined thirty dollars.

Defendant appeals to this court.

Plaintiff is a city of the fourth class, and the ordinance defendant is charged with violating is as follows:

"Section 1. Any person who shall wilfully resist the marshal or any policeman of the city in making any lawful arrest, or in the execution of any legal writ or process, shall be fined not less than five nor more than one hundred dollars."

"Sec. 2. Any person who shall forcibly oppose the marshal or any policeman of the city in making any lawful arrest of another, or who shall aid any offender or person arrested or confined in the city prison or jail to escape, or aid such person in the attempt to escape, shall be fined not less than ten nor more than one hundred dollars."

I. The plaintiff, being a city of the fourth class, its charter is found in sections 4931, 5003, Revised Statutes,

inclusive. The complaint in this case is neither an indictment nor information, but is entered by authority of section 4983. And though section 12, of the Bill of Rights, provides that felonies must be prosecuted by indictment only, and all other offences shall be prosecuted criminally by indictment or information, yet, if the charge in this complaint, is merely the violation of a valid municipal ordinance, the prosecution thereof otherwise than by indictment or information would not fall under the ban of the section. For a violation of the ordinance set out, under which it is claimed defendant was arrested, would not be regarded as a criminal offence in the sense of the constitution. *Ex Parte Hollwedell*, 74 Mo. 395.

II. It will be noticed that no provision is made for a jury trial for municipal offences in cities of the fourth class. In the absence of such provision, it is to be taken that the legislature has not intended there shall be jury trials in such municipalities. For, by reference to proceedings before circuit courts and justices of the peace, special provision is made for a jury, at the demand of either party. Sects. 2974, 3600, Rev. Stat. But we are not left to mere inference as to the intention of the legislature in this respect, for it is manifest from sections 4982, 4992, that all prosecutions arising under ordinances shall be tried and determined by the mayor, without the intervention of a jury. By the former section he has "exclusive original jurisdiction to hear and determine all offences against the ordinances of the city." By the latter, " if the defendant plead or be found guilty, the mayor shall declare and assess the punishment."

I think the legislature may provide for a trial, in this summary way, of strictly municipal offences, without trenching on the provisions of sections 22, 28, of the Bill of Rights. These and similar provisions, to be found in the organic law of all the states, have always been understood to refer to such cases as must be tried by jury at common law. "It was not intended to introduce trial by jury in cases where it did not exist before, but

merely to preserve it inviolate in cases where it existed at the time of the adoption of the constitution." *McGear v. Woodruff*, 33 N. J. 213. So in this state it was laid down by Judge Scott, in *Vaughn v. Scade* (30 Mo. 600), that "juries did not form a part of the machinery of such tribunals (justices' courts) at the common law," and "that it would be competent for the legislature to make all the causes in such cases triable by the justice alone."

Again, by section 4995, Revised Statutes, appeals may be taken from the judgment of the mayor to a common law court where a trial by jury is assured, and this has frequently been held to be a cure, if any be needed, of the evil of which complaint is made. "If a statute directs a trial without a jury, then permits to convicted defendants an unobstructed appeal to a court proceeding *de novo* by jury, it does not violate the constitution by erecting this vestibule to pass through to the jury beyond." 1 Bishop's Crim. Proc., sect. 893. Judge Dillon states it to be the prevailing doctrine that though the matter in the municipal court be one in respect of which the party is *entitled* to a jury, yet if, by an appeal, clogged with no unreasonable restrictions, he can have such trial in the appellate court as a matter of right, it is sufficient. 1 Dillon Mun. Corp., sect. 439 ; *City of Emporia v. Volmer*, 12 Kansas, 622, 631. Whether the provision in the section of the statute last referred to, requiring a defendant, as a condition to his right of appeal, to give bond for the payment of *any fine* which might be assessed against him by the appellate court, would be an unnecessary clogging or obstruction, we are not called upon to determine. Under the principle laid down by us in a case considered and decided at this term, the complaint in this cause is insufficient, for the reason that it refers to no ordinance which has been violated. The allegation "contrary to the form of the ordinances of said city," is too indefinite. From such statement it would not be known under what particular ordinance the defendant was charged. He

should be able to learn from the complaint which of the ordinances he is accused of violating. *City of Salisbury v. Patterson, ante,* p. 169 ; *Inhabitants of Memphis v. O' Conner,* 53 Mo. 468.

We are all agreed as to the foregoing, but as to what follows, my associates express no opinion, either way.

The charge embodied in this complaint is resisting an officer, the deputy marshal, in making a "lawful arrest" and aiding an escape from said officer. By section 4998, the marshal may make a "lawful arrest" for a state offence. The objection was pointedly made at the argument, by defendant's counsel, that the complaint does not show the mayor had jurisdiction of the cause. And that the city of Marshall had no power to pass an ordinance imposing a fine or penalty for the offence of resisting an officer generally. The mayor's court of cities of the fourth class is a court of inferior jurisdiction, and as such its jurisdiction should be made to appear.

It will appear from a reading of sections 1436 to 1449, Revised Statutes, inclusive, that a party may resist an officer, or aid an escape, and be guilty of a felony, or a misdemeanor, as the facts may be in the given case. The complaint, though it states the resistance was offered to the officer in making a lawful arrest, does not allege whether the officer was in the discharge of his duty in a case of felony or misdemeanor, nor does it allege facts from which it might be seen or understood. The statements in the complaint might all be true, and yet the officer may have been resisted in the arrest of a man who had committed murder. If such was the offence committed by defendant, or if any other felony was his crime, the mayor had no jurisdiction to try him. He could not "be proceeded against criminally otherwise than by indictment." The complaint, in municipal courts, need not come up to the technical standard of an indictment, yet it should be sufficiently definite to advise defendant of what offence he is charged. Moreover, it should contain sufficient to show, without extraneous

aid, that the court in which it is lodged has jurisdiction of the charge it contains. *State v. Metzger*, 26 Mo. 65; *Powers v. The People*, 4 Johns. 292. In the latter case, which is cited with approval in the former, the law gave the magistrate jurisdiction in larceny where the value of the thing stolen was less than $12.50. The value of the handkerchief stolen, not having been stated in the complaint, the conviction was quashed; the court saying, "it is a salutary rule, with respect to inferior courts, that the cause of which they take cognizance should appear to be within their jurisdiction."

It, therefore, not appearing from this complaint whether the resistance offered to the officer and aid of escape given to the prisoner, was such as would come within the jurisdiction of the mayor, it is insufficient. The resistance to an officer which the city would have the power to punish, would be where he is engaged in some municipal service, such as making an arrest for an offence of which the municipal court would have jurisdiction. And such is evidently the meaning and the scope of the ordinances of the city of Marshall.

As before stated, it not appearing, from the complaint in this cause, what ordinance has been violated nor what character of offence defendant is charged with, his conviction is without warrant of law, and the judgment will be reversed and the case dismissed.