THE CITY OF ST. JOSEPH, Appellant, v. CHAS. HARRIS, Respondent.

Kansas City Court of Appeals, November 5, 1894.

1. **Municipal Corporations**: RECORDER'S COURT: DRUNKENNESS. Drunkenness is not *per se* the subject of legislative prohibition and can be regulated by municipalities only where its existence in the individual is at a place or under conditions where it annoys others; and a sweeping regulation interdicting, under penalty, drunkenness generally, is an invasion of the inalienable rights of the citizen.

2. ———: ———: ———: INFORMATION. The report of a police officer that fails to allege that the defendant's drunkenness was to the annoyance of any citizen or person and fails to name or locate the street or place of his drunkenness and is unaccompanied with the names of witnesses, is not a report of the violation of the ordinance of the city of St. Joseph; and an information founded on such report and having the same defects does not confer jurisdiction on the recorder.

3. ———: ———: ———: CITY ATTORNEY. The city attorney is a creature of statute and can only act where a statute or ordinance confers authority to do so; and then only when he pursues the

mode and manner therein perscribed. And the report of a police officer must conform to the statute in order to authorize the city attorney to file an information based thereon.

*Appeal from the Buchanan Criminal Court.*—HON. SILAS WOODSON, Judge.

AFFIRMED.

*Huston & Parrish* for appellant.

(1) The lower court erred in sustaining the motion to quash the complaint; because the complaint is to be tested by the rules applicable to civil actions before justices of the peace, and not by the rules in criminal cases. *St. Louis v. Knox*, 74 Mo. 79; *St. Louis v. Schoenbusch*, 95 Mo. 618; *Springfield v. Ford*, 40 Mo. 586; *Ex parte Holdwell*, 74 Mo. 400; *Kansas City v. Neal*, 49 Mo. App. 77. Tested by this rule the complaint is sufficient. It compasses every requirement, not only of a civil complaint, but would be sufficient in a criminal indictment. (2) The only provision in the statute in reference to the recovery of fines is "such fines may be recovered by suit in the name of the city before any court of competent jurisdiction." R. S. 1889, chap. 37, sec. 1253, p. 368. The city recorder has, by section 1289, Revised Statutes, 1889, page 373, exclusive jurisdiction. By statute the name of "city recorder" was changed to "judge of police court." Sess. Acts, 1891, p. 50. (3) No warrant was issued in this case—the defendant was arrested in the act of violating an ordinance. In such cases no affidavit is required—only a statement of the charge reasonably sufficient to inform the defendant of the charge against him. Under sections 2 and 3 of the ordinance a complaint not sworn to only authorizes a summons; if sworn to it authorizes a warrant; but if

the defendant be arrested on view as authorized by law, then a simple statement of the charge is formulated without oath. R. S. 1889, sec. 1440, p. 417; R. S., 1889, sec. 1461, p. 423.

*Carolus & Brewster* for respondent.

(1) The officer's report being insufficient, the city attorney can not set up facts in his information which are not contained in the written report filed by the officer as the basis of the action. *State ex rel. v. Baker*, 74 Mo. 394; *City of Salisbury v. Patterson*, 24 Mo. App. 173; *Missouri City v. Hutchinson*, 71 Mo. 47–50; *City of Kansas v. Flanagan*, 69 Mo. 23; *City of Kansas v. O'Connor*, 36 Mo. App. 600. (2) The pleadings are insufficient under the rule in civil cases. *Inhabitants of Memphis v. O'Conner*, 53 Mo. 468; *City of Marshall v. Standard*, 24 Mo. App. 192; *St. Louis v. Fitz*, 53 Mo. 582; *City of Salisbury v. Patterson*, 24 Mo. 169.

SMITH, P. J.—This is an action to recover a penalty for the violation of an ordinance of the plaintiff city.

Under the provisions of section 2, General Ordinances Number 51, Record B, page 34, Revised Ordinances 386, it is made the duty of each and every police officer of the city to inform the city attorney as soon as practicable of all violations of the ordinances of the city and whenever any such violation shall come to his knowledge such information shall be filed in writing, signed by the officer making the same, and shall be accompanied with the names of the witnesses to such violation and if the officer making the report shall have good reason to believe that the person reported has no fixed place of residence, or is a nonresident, or is about to leave the limits of the city, such report or informa-

tion shall be made upon oath or affirmation; thereupon it shall be the duty of the city attorney, if in his opinion an action can be maintained against the person or persons so complained of, to institute proceedings before the recorder by filing a statement as provided by section 1 of said ordinances. It is provided in section 5 of General Ordinances Number 174, Record B, page 214, Revised Ordinances 238: "If any person shall be drunk or shall be in a state of intoxication on any street, avenue, alley or public place within the city, or in any private house, to the annoyance of any citizen or person, he shall be deemed guilty of a misdemeanor and on conviction, shall be fined not less than $2 nor more than $50."

Section 1 of General Ordinances Number 51, already referred to provides that all fines and penalties for violation of any ordinance of the city shall be recoverable by suit, in the nature of an action for debt before the recorder, and no suit shall be commenced or judgment rendered in any case, until a statement shall be filed with the recorder, signed by the city attorney or the person acting in his stead, which statement shall be in form as follows:

"The City of St. Joseph, Plaintiff, ⎫
        *v.*              ⎬
————————————, Defendant. ⎭

Before ———— ————, the recorder of the city of St. Joseph. Plaintiff complains of defendant John Smith and for cause of complaint alleges that the said defendant on the ———— day of ———— A. D. 18— did violate an ordinance of said city by (here insert the particulars) to the damage of plaintiff in the sum of ———— dollars. A. B., City Attorney." Such statement may be founded either upon the personal knowledge of the city attorney, the report made to him in writing by some officer or policeman of the city, the affidavit of

some qualified person charging another with violation of some ordinance, or the voluntary appearance of a person guilty of such violation.

The defendant being found drunk in the city by a policeman was arrested and thereupon the officer so making the arrest filed with the city attorney the following report, to wit:

"St. Joseph, Mo., July 10, 1893.
"*To City Attorney, St. Joseph, Mo.*

"Sir:—I hereby officially report that Charles Harris did, on the 10th day of July, 1893, violate an ordinance of the city, to wit:   Section —— of chapter —— of the ordinances of the city of St. Joseph, Missouri, then and there being drunk in said city.

"Officers:                WEBER and FAULKS."

Thereupon the city attorney filed before the city recorder the following information which was attached to said report, to wit:

"Before John A. Dolman, recorder of the city of St. Joseph, Missouri.

"City of St. Joseph, Plaintiff,  
           *v.*
"Charles Harris, Defendant.

"W. R. Hoffman, city attorney for the city of Saint Joseph, aforesaid, informs the court that the said city of St. Joseph is a municipal corporation and city of the second class, and one Charles Harris did, on the 10th day of July, 1893, violate an ordinance of said city, to wit:   Section V, chapter 46 of the general ordinances of said city, by then and there, in said city of St. Joseph, Missouri, being drunk and in a state of intoxication on a street, alley and public place, to the damage of said city ($50).

"[Signed.]    W. R. HOFFMAN, City Attorney"

The defendant thereupon appeared before the city recorder, who, after hearing the evidence, found him

guilty. The defendant then prosecuted his appeal to the criminal court of Buchanan county, where he filed a motion to quash the information on the ground, *first*, that it did not state facts sufficient to constitute a cause of action or any offense under the laws and ordinances of said city, and, *second*, because there was no report or affidavit filed in the case sufficient to base an information upon as required by the laws and ordinances of said city. The criminal court sustained the motion and gave judgment accordingly, to reverse which the city has appealed.

The report of the police officer did not inform the city attorney of any violation of any ordinance of the city. It simply informed him that the defendant had violated an ordinance of the city by being "then and there drunk in said city." It is not an offense against the ordinances of the city for one to be drunk therein. He must, according to the section of the ordinance already quoted, not only be drunk in a street, avenue, alley or public place within the city, or in a private house or place therein, but he must also be drunk to the annoyance of a "citizen or person" therein.

The common council in undertaking to regulate the subject of drunkenness under its police power by its ordinance in that direction went to the uttermost limit. It would seem that in this state drunkenness is not *per se* the subject of legislative prohibition. Drunkenness can not be made the subject of municipal regulation, except where its existence in the individual is at a place or under circumstances or conditions when it annoys or disturbs orthers. And so it would appear that any sweeping regulation interdicting, under penalty, drunkenness generally, or in cases other than those specified in the exception just stated, would be an invasion of the "inalienable rights of the citizen." *St. Louis v. Fitz*, 53 Mo. 582.

Not having alleged that the defendant was drunk to the annoyance of any citizen or person, it follows as a matter of course that it could not allege the name or names of the citizens or persons who was so annoyed. Nor did it state the name or locality of any particular street, avenue, alley or public or private place or house in the city where defendant was found drunk. Nor was it accompanied with the names of a witness or witnesses to such violation. It was in no sense a report of a violation of an ordinance of the city coming to the knowledge of the officer making the same. The information which was founded on the report of the policeman was likewise defective and wanting in the allegation of the material facts which were indispensably necessary to constitute an offense under the ordinance already quoted.

The information did not contain sufficient to show, without extraneous aid, that the recorder's court in which it was lodged had jurisdiction of the charge it contained. Such complaints are not required to come up to the technical standard of an indictment, yet they must be sufficiently definite to advise the defendant of what offense he is charged. *City of Salisbury v. Patterson*, 24 Mo. App. 169; *City of Marshall v. Standard*, 24 Mo. App. 192; *St. Louis v. Fitz*, 53 Mo. 587; *City of Memphis v. O'Connor*, 53 Mo. 468. And whether this proceeding be regarded as simply a civil action or as *quasi* criminal, in either view both the report and information based thereon ought to show that the defendant was found drunk under such circumstances as to be violative of the prohibition of the city ordinances, in order to give the recorder jurisdiction of the subject-matter. *Missouri City v. Hutchinson*, 71 Mo. 46; *City of Kansas v. Flanagan*, 69 Mo. 23.

The last cited case was where the information was signed by another in the absence of the city attorney at

his request and the case being appealed to the criminal court, the city attorney proposed to adopt and ratify the complaint as his own. In the supreme court where the case was further appealed it was said, that "No legal complaint having been preferred against the defendant, and the warrant for his arrest having therefore issued without authority of law, the case was properly dismissed." In *City of Kansas v. O'Connor*, 36 Mo. App. 600, it was stated, that "in every case where the recorder has jurisdiction this statutory procedure is required to be pursued. He can proceed in no other way. If he does proceed in disregard of the statutory method which has been adopted for his government in cases triable before him, his acts are *coram non judice*."

Since the city attorney is the creature of statute and stands upon the same footing and is governed by the same laws as mayors, police justices, marshals and other similar officers of cities, towns and villages, it must follow that he can act only where a statute or ordinance confers authority to do so, and then only when he pursues the mode or manner therein prescribed. This seems to be the result of the cases which we have just referred to. Without pursuing the inquiry further, enough has been said to show that the report lodged by the police officer with the city attorney did not show that the defendant had committed an offense against any ordinance of the city, nor did the information filed by the city attorney with the recorder, which had alone for its foundation said report, allege an offense against any ordinance of the city. The report, not showing that an offense had been committed by defendant, did not authorize the city attorney to file information based thereon. From the beginning to the end of the proceeding there was an entire absence

of lawful authority for the same.    There was neither jurisdiction in the city attorney to file the information nor did such information allege an offense under any ordinance of the city, or of which the recorder had jurisdiction.

We are, therefore, of the opinion that the action of the criminal court in sustaining the defendant's motion to quash the information and dismissing the cause was not erroneous, so we will affirm the judgment.    All concur.