STATE of Missouri, Respondent,

v.

William Marion GARRISON, Appellant.

No. 45955.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1957.

No brief filed for appellant.

John M. Dalton, Atty. Gen., Harold L. Henry, Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Presiding Judge.

By information filed in the Circuit Court of Greene County, defendant, William Marion Garrison, was charged with the crime of using and uttering as true a forged check with intent to defraud, as defined in Section 561.011, RSMo 1949, Supp.1955, V.A.M.S. Seeking imposition of the additional punishment prescribed under the habitual criminal statutes, Section 556.280, RSMo 1949, V.A.M.S., the information also alleged prior convictions of defendant of the crimes of forgery and his sentence to and discharge from the Missouri Penitentiary. Trial to a jury resulted in a verdict finding defendant "guilty as charged in the information", the further finding that previous to the commission of said offense defendant had been convicted of a felony, to wit, forgery, under the laws of Missouri, imprisoned therefor in the State Penitentiary and discharged in compliance with the sentence, as charged in the information, and assessing his punishment at imprisonment in the State Penitentiary for a term of ten years. Following judgment and sentence, defendant appealed. No brief has been filed in his behalf. We, therefore, review the valid assignments of error set forth in the motion for new trial, Supreme Court Rule 27.20, 42 V.A.M.S., and the record entries designated in S.Ct. Rule 28.08.

Error is assigned in: (a) the overruling of defendant's motion for a directed verdict; (b) the admission into evidence of (1) a blank check (State's Exhibit "C") taken from defendant's motor truck following his arrest and (2) the utterance by defendant of a second forged check on the same day of the utterance of the check charged in the information; (c) the denial of his motion to strike from the information the allegation of one of his prior convictions of forgery; and (d) the admission of certain of the evidence relating to his former convictions and the submission of that issue.

The evidence in behalf of the State tended to show:

On Saturday, May 26, 1956, in Springfield, Missouri, defendant entered the grocery store of Olive L. Hall and tendered a check, in words and figures following:

"Hedgpeth Commission Company

Ray Hedgpeth                    No. 42327

Given for ____ Cattle      2 Calves      3 Hogs      ____ Sheep

Union Stock Yards, Springfield, Mo.    May 26, 1956

Pay To The Order Of        Harry D. Denton              $98.20
Ninty Eight ------------------------------------------20/100 DOLLARS

To Hedgpeth Commission Co., Springfield, Mo.

80–14      Present Through The Citizens Bank      80–14

This check void if not cashed within sixty days.

Hedgpeth Commission Company
Shippers Proceeds Account

By /s/ Ray Hedgpeth."

Believing the check genuine, Mr. Hall indicated his willingness to cash it. Defendant thereupon endorsed the name "Harry Denton" on the back thereof, received the sum of $98.20, and purchased groceries in the amount of two or three dollars. On Monday, May 28, 1956, Mr. Hall deposited the check in the Citizens Bank. Shortly thereafter, it was returned with the notation "No account".

Formerly, there had been a firm of Hedgpeth Commission Company in Springfield, of which Ray Hedgpeth had been a member.

The check was on a printed form used by that company when it was engaged in business. The Hedgpeth Company, however, had ceased to do business in 1945 or 1946 and had closed out its account in the Citizens Bank at that time. After the business was closed, Ray Hedgpeth had used some of the check forms around the home for "scratch pads" and probably some of them had been taken to the "junk pile". The name "Ray Hedgpeth" appearing on the check as drawer is a forgery and the name "Harry Denton" appearing on it as endorser is also a forgery.

Over objection of defendant, Paul Francka was permitted to testify in substance following: He operates a restaurant and filling station in Greene County, Missouri. On the same day that defendant cashed the check at the Hall grocery store, he also presented to Mr. Francka a check identical in words and figures with the check given to Hall, except that the check tendered Francka bore the serial number 42328. Francka inspected the check, thought it was genuine and indicated his willingness to accept it. Defendant thereupon endorsed the name "Harry D. Denton" on the back thereof and received the sum of $98.20 from Francka's clerk. That check was also a forgery.

On June 30, 1956, Harold C. Willis, a deputy sheriff of Greene County, possessed of a warrant for the arrest of defendant on a "bogus check" charge, arrested him as he sat in his motor vehicle. Following the arrest, a search was made of the person of defendant and his motor vehicle. Over objection of defendant, the witness was then permitted to testify that he found State's Exhibit "C" in the glove compartment of the motor vehicle, "slipped in between * * * the cloth portion that forms the compartment and cardboard that covers it." Exhibit "C", admitted into evidence by the trial court, is a printed form of blank check identical in form with the printed check forms presented to and cashed by Hall and Francka, except that it bears serial number 42301.

Original records of judgments of the Circuit Court of Greene County showing the prior convictions of defendant of the crimes of forgery pleaded in the information were received in evidence and read to the jury. The first, rendered on September 26, 1949, fixed defendant's punishment in the Missouri Penitentiary for a term of two years. The latter, rendered on March 17, 1954, fixed his punishment in said penitentiary for a term of three years. The court also admitted into evidence over objection of defendant two documents, each entitled "Missouri State Penitentiary, Certified Transcript of Serial Record". Both were duly attested by the Warden of the Missouri State Penitentiary as true and correct copies of prison records. The first was the record of "W. M. Garrison-William Marion Garrison". It recited that his age was 48 years, that his offense was forgery in Greene County, "sentence 2 yrs., Sept. 26, 1949", and that he had been "discharged under commutation of sentence * * * Dec. 22, 1950". The latter was the record of "Wm. Marion Garrison". It recited that his age was 53 years, that his offense was forgery in Greene County, "sentence 3 yrs., March 17, 1954," and that he was "discharged under commutation of sentence * * * March 2, 1956". Both records stated that the name of the prisoner's wife was "Mrs. Rachel Garrison", of Springfield, Missouri.

The only evidence in behalf of defendant was the testimony of his wife, Mrs. Rachel Garrison, to wit: She had been married to defendant for more than thirty years. On Saturday, May 26, 1956, she and her husband were together throughout the day and evening, engaged, during the daytime, in gathering scrap iron in and around the cities of Fairplay, Bolivar, Stockton and Marshall. He did not acquire "any money of consequence" on that day.

■ The evidence clearly supports a finding that defendant used and uttered as true the forged check described in the information with intent to defraud and that

the court did not err in refusing to direct his acquittal.

■ We next consider the complaint made of the admission into evidence of the utterance by defendant of the check to witness Francka on the same day he uttered the check described in the information. The general rule forbidding evidence of a crime independent of that for which the defendant is on trial is not applicable if the independent crime directly tends to prove his guilt of the crime with which he is charged. State v. Fisher, Mo., 302 S.W.2d 902, 905 [2]. Section 561.011, supra, under which defendant was charged, makes it a felony for any person, with intent to defraud, to use as true or to utter as true a forged check knowing it to be a forgery. The materiality and competency of Francka's testimony and that check are, therefore, readily apparent. If it be conceivable that defendant innocently could have endorsed or uttered one of these checks, it certainly is less conceivable that he innocently could have endorsed and uttered both of them, which, upon each of their faces, purported to be payment of the identical transaction. The endorsement and utterance of the check to Francka directly tended to prove defendant's intent to defraud in the utterance of the check described in the information. The assignment is overruled.

■■ Defendant also contends that the search of his motor vehicle was in violation of the right guaranteed him by Article I, Section 15, of the Constitution of Missouri, against unreasonable searches and seizures and that, therefore, admission of the blank check of the Hedgpeth Commission Company, State's Exhibit "C", found and seized by the deputy sheriff following arrest of defendant, was erroneous. The contention is without merit. This for the reason that the arrest of defendant was made under authority of a warrant not shown or alleged to have been unlawfully issued. Search of the person of defendant and of his motor vehicle following lawful arrest and seizure of any competent evidence found upon such

a search does not constitute unreasonable search and seizure within the meaning of the above cited constitutional provision. However, even assuming arrest without warrant or lawful cause, evidence seized in a search following such an arrest, if otherwise competent and material, is not inadmissible, absent timely pretrial motion to suppress. No such motion was made in this case. See State v. Martin, 357 Mo. 368, 208 S.W.2d 203, 207–208 [7–8]; State v. Jonas, Mo., 260 S.W.2d 3, 5.

■ Defendant's next contention is that the refusal of the court to strike from the information the allegation of more than one prior conviction and the admission into evidence of more than one such conviction was prejudicially erroneous. We are cited to no authority nor have we found any that supports the contention. In any event, however, the record in this case is such as to preclude defendant from asserting prejudicial error in the admission of evidence tending to show two prior convictions. He did not at the trial admit either of the convictions pleaded in the information and, as his motion for new trial reveals, contended in the trial court that the evidence was insufficient to support proof of *any* prior conviction and lawful discharge from imprisonment in the penitentiary in compliance with the sentence, as provided by the habitual criminal statutes. Now, the jury must be convinced and find in its verdict that the defendant charged as an habitual criminal was in fact convicted, sentenced and discharged or pardoned upon compliance with the sentence prior to commission of the crime for which he is being tried before it is required to assess the added penalty fixed by the statute. Hence, it is that no matter how convincing the evidence of any *one* such conviction, sentence and discharge may be, the jury may choose to disbelieve such evidence. Consequently, as long as there is an issue as to defendant's prior conviction under the habitual criminal statutes, the State, acting in good faith, may continue to present evidence of any number of such prior convictions, sentences

and discharges, upon the logically sound ground that, in so doing, the jury may thereby become convinced of at least *one* conviction, sentence and discharge. The contention must be overruled.

Finally, defendant's motion for new trial assigns as error the admission of State's Exhibits "D" and "E" on the ground that "said instruments were not properly identified or corroborated by the legal custodian of said records and therefore constituted in themselves no evidence of the facts recited therein", and that "the State failed to prove the essential element under Section 556.280 of the Revised Statutes of Missouri of 1949 of compliance by the defendant with the convictions allegedly of record against said defendant."

State's Exhibits "D" and "E", being copies of records required by law to be kept by the Department of Penal Institutions under Sec. 217.150 RSMo 1949, V.A.M.S., such copies, duly certified by the warden, were admissible in evidence. State v. Worden, 331 Mo. 566, 56 S.W.2d 595, 598; State v. St. Clair, Mo., 262 S.W.2d 25, 28; State v. Tyler, 349 Mo. 167, 159 S.W.2d 777, 780; State v. Hagerman, Mo., 244 S.W.2d 49, 53–54. These records, considered in connection with the sameness of the name of the defendant in each of the certified copies, the crime of which he was convicted, the date thereof, and the sentence imposed, with those set forth in the record of the corresponding conviction in the Greene County Circuit Court, clearly warrant an inference that both prison records refer to the defendant, and especially is this true when it stands further revealed in the record that the name of defendant's wife, as disclosed by the record in the instant case, is identical with the name of the prisoner's wife set forth in the prison records. Thus it is that defendant's imprisonment and discharge in compliance with his sentence in each case is supported by competent evidence. The assignment is overruled. State v. Brinkley, 354 Mo. 337, 373, 189 S.W.2d 314, 334 [46].

The information duly charges defendant with the crime of which he was convicted. He was personally present and represented by competent counsel throughout all stages of the trial and after-trial proceedings. The verdict is in due form and the punishment is within the limits fixed by law. Allocution was granted and the judgment and sentence imposed is in accord with the verdict and constitutes a valid and binding judgment.

The judgment is affirmed.

All concur.