**STATE of Missouri, Respondent,**

v.

**Ross O'Dell CAREY, Appellant.**

No. 52260.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jerome Wallach, Asst. Atty. Gen., Jefferson City, for respondent.

Sloan Richard Wilson, J. Arnot Hill, Kansas City, for defendant-appellant.

WELBORN, Commissioner.

This is an appeal from a judgment and sentence imposed by the court under the Habitual Criminal Act of concurrent five-year terms of imprisonment upon a jury verdict of the appellant's guilt of burglary in the second degree and stealing.

On the morning of June 25, 1965, a neighbor who kept an eye on the Charles C. Overstake residence in Kansas City while the Overstakes were away conducting a Salvation Army Camp discovered that a previously locked and closed French door of the Overstake's residence was opened and that two panes of glass had been broken out of the door. Upon observing the interior in disarray, the neighbor called Colonel Overstake. Upon reaching his house, Colonel Overstake discovered a number of items missing from the house, including a small portable radio, a record cabinet, a pedestal fan, a rotisserie, an electric can opener, jewelry and frozen food from the freezing compartment of the refrigerator.

The Kansas City Police Department was notified and an investigating officer came to the residence at around 11:00 A.M., June 25.

At approximately 3:15 A.M., on June 25, two patrolling Kansas City police officers stopped an automobile to question the driver about the absence of a city license sticker on the vehicle. The driver was the appellant, Ross O'Dell Carey, and he told the questioning officer that the vehicle belonged to him.

While interrogating Carey, the officer noticed a fan in the rear seat of the auto. Carey said that he did not know to whom the fan belonged. The officer asked Carey if he would mind if he looked in the trunk of the automobile. According to the officer, Carey said: "No, sure, go ahead," and got out and unlocked the trunk. The officer observed a variety of articles in the trunk, including a record cabinet, a pillowcase containing items of women's jewelry and a sack of frozen food. Carey denied ownership of the articles and said that he did not know how they got in his auto. Carey was taken to the police station to be booked for having no city license. The articles in the Carey auto were eventually found to have come from the Overstake residence and were identified by Colonel Overstake at the trial.

Carey was charged with burglary and stealing and found guilty upon a jury trial.

On this appeal, the first specification of error relates to the introduction into evidence of items discovered in Carey's automobile when he was stopped by the policemen. The objection is made that the testimony of the officers that they stopped Carey for having no city license sticker is unbelievable because it is contrary to the physical facts and thereby unworthy of belief. The second portion of this objection is that the arrest of appellant was, therefore, unlawful and that the subsequent seizure of the property observed in the car was not incidental to a lawful arrest and the introduction into evidence of the items violated appellant's constitutional guaranties against unreasonable search and seizure. However, the grounds of objection at the trial and in the motion for new trial were that the alleged search was illegal because undertaken in connection with a traffic violation. No constitutional objections were stated.

In any event, the difficulty with the objection raised is that, insofar as the transcript here shows, the objection to the use in evidence of the items taken from Carey's automobile was raised for the first time at the trial. The rule is well-settled in this state that, except when the defendant has no reason to expect that evidence

obtained as the result of a search will be used against him, a pretrial motion to suppress the evidence on the grounds of the illegality of the method of obtaining it is necessary. Except in case of surprise, not here claimed, overruling an objection at trial without a prior motion to suppress is not error. State v. Garrison, Mo.Sup., 305 S.W.2d 447, 451[5, 6]; State v. O'Brien, Mo.Sup., 252 S.W.2d 357, 359[2]; State v. Lee, 361 Mo. 163, 233 S.W.2d 666, 669 [6].

█ The second objection is that the trial court permitted the prosecuting attorney to propound leading questions to a police officer concerning the information given appellant respecting his rights upon interrogation. The objected to questions were propounded out of the hearing of the jury, but the testimony adduced as a result of the questions objected to was immaterial because the only statement of the appellant concerning which the officer testified was an exculpatory statement, not a confession. According to the officer, appellant told him that he had purchased from a person not known to him certain of the items found in his auto and that he did not know where the others came from. In such situation, the warning which the officer gave appellant is of no matter and the leading question on the presentation to the court alone is not grounds for error. 23 C.J.S. Criminal Law § 816 b, p. 156.

The matters of record examined pursuant to Criminal Rule 28.02, V.A.M.R., are without error.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.