STATE of Missouri, Respondent,

v.

Carl OVERBY, Appellant.

No. 53075.

Supreme Court of Missouri,
Division No. 1.

Oct. 14, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Norman A. Selner, Special Asst. Atty. Gen., Clayton, for respondent.

James A. Dunn, Carthage, for appellant.

WELLBORN, Commissioner.

Carl Overby appeals from an eight-year sentence, imposed under the Second Offender Act (§ 556.280, RSMo 1959, V.A. M.S.) upon a jury verdict finding him guilty on a charge of stealing steel fence posts of a value of $91.35.

At the close of business on January 20, 1967, the Calhoon Lumber Company at Neck City, Missouri, had on hand 382 steel fence posts, standing outside a building in the enclosed lumber yard premises.

At around 7:30 that evening, Mr. Pete Yocum, the lumber yard manager, accompanied by William Dodson, drove to the rear of the lumber yard. There they observed an old black pickup truck, some 75 to 80 feet from the lumber yard fence. Near the truck was a pile of steel fence posts. No one was seen near the truck at that time. Yocum and Dodson drove to the residence of Arthur Taylor in Neck City. Taylor obtained a shotgun and accompanied Yocum and Dodson back toward the lumber yard. En route, they met a black Chevrolet pickup truck and Dodson started to pursue it. When Dodson got near the pickup, Yocum could see that the first numbers of the license on the pickup were the same as those of the vehicle he had seen previously and he recognized it as the same. When the Dodson vehicle neared the pickup, the pickup accelerated. Taylor fired two shots from his shotgun. At an intersection, the pickup ran into a ditch. One man jumped out of the truck and was not apprehended. When the truck came to rest, the pursuers got out of their vehicle and ordered persons in the truck to get out. Two persons, including the appellant, did so. Yocum looked under a blanket in the rear of the truck and saw fence posts of the type stocked by the lumber yard. The occupants of the truck were held by Dodson, Yocum and Taylor with the shotgun until Jasper County law enforcement officers arrived and took the appellant and his companion into custody.

Yocum returned to the lumber yard and found all of the steel posts missing from the yard. 277 were discovered outside the fence. He went back to the place where the pickup was still in the ditch and, with the assistance of a deputy sheriff, counted 105 posts in the rear of the pickup truck.

The defendant offered no evidence at the trial. On this appeal, he raises an objection to the state's evidence, on the basis that his arrest by Yocum, Dodson and Taylor was illegal. No timely objection on this ground was made in the trial court. Yocum, Dodson and Taylor all testified without objection to substantially the above recited facts. The deputy sheriff who came to the scene testified on direct examination to his taking the defendant into custody and to his assistance of Yocum in counting the posts found in the pickup. On cross-examination of the deputy, objection based on the illegality of the arrest was raised for the first time. The objection there was to the testimony of the deputy only. At the conclusion of the state's case, defendant's counsel renewed his "objection to the testimony concerning what was discovered in the truck as a result of this illegal search which took place and the illegal arrest by the officer as well as by the private individuals."

These *objections were wholly untimely* and inadequate to preserve any matters for our consideration. State v. Carey, Mo.Sup., 411 S.W.2d 243, 244[1, 2]; State v. Garrison, Mo.Sup., 305 S.W.2d 447, 451[5, 6].

Considering the merit of the objections, the arrest of appellant by Yo-

cum, Dodson and Taylor was not illegal. The circumstances were sufficient to permit private citizens to undertake the appellant's apprehension. State v. Albright, 144 Mo. 638, 46 S.W. 620, 621–623; State v. Nolan, 354 Mo. 980, 192 S.W.2d 1016, 1018[3, 4]; State v. Parker, 355 Mo. 916, 199 S.W.2d 338, 340[3, 4]. In any event, the alleged illegality of appellant's arrest would not preclude testimony of what occurred at the time of the arrest. The validity or invalidity of the arrest, at the most, would affect the validity of a search in connection with the arrest. This result is based upon constitutional protection against unreasonable searches and seizures. U.S.Const., Amend. 4, 14; § 15, Art. I, Const. of Mo.1945, V.A.M.S. However, that such protection is against governmental action, only, is well-established. State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, 886[12]; State v. Brown, Mo.Sup., 391 S.W.2d, 903, 906[2].

Here the official search, if any, was undertaken by the deputy sheriff after appellant had been conveyed to the Jasper County jail. However, the deputy testified that the fence posts were in his clear view in the rear of the pickup. In such circumstances, his assisting in the count was not such an unreasonable search as would violate constitutional limitations. State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688, 691–693[3–5]; State v. Reagan, Mo.Sup., 328 S.W.2d 26, 28[1–4]. State v. Edmondson, Mo.Sup., 379 S.W.2d 486, is not applicable. That case did not involve evidence in plain view of the officer.

Appellant alleges error in the trial court's failure to disqualify for cause a jury panel member who stated on voir dire examination that, should the defendant not testify, he would be more likely to find him guilty. However, the transcript shows no challenge to the juror, based upon such answer. (Appellant asserts that such challenge was made, but that it was omitted from the transcript on appeal. The transcript has been approved by the trial judge.

Our review is based upon the proceedings as shown by the properly authenticated transcript. State v. Deckard, Mo.Sup., 354 S.W.2d 886, 887[1]; State v. Caffey, Mo.Sup., 365 S.W.2d 607, 609[1].) The absence of any showing by the transcript that the juror was challenged precludes our finding that the trial court erred in the respect charged. State v. Bobbst, 269 Mo. 214, 190 S.W. 257, 260[2]. The trial court was under no duty to strike the juror on its own motion. State v. Bronstine, 147 Mo. 520, 49 S.W. 512, 515[2].

Matters of record examined pursuant to Supreme Court Rule 28.02, V.A.M.R., are without error.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.