**STATE of Missouri, Respondent,**

v.

**James HARRINGTON, Appellant.**

No. 53491.

Supreme Court of Missouri, Division No. 2.

Dec. 31, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, James T. O'Brien, Asst. Atty. Gen., St. Louis, for respondent.

Blackford & Wilhelmsen, J. William Blackford, Kansas City, for appellant.

STOCKARD, Commissioner.

James Harrington was found guilty by a jury of carrying a dangerous and deadly weapon, a loaded pistol, "concealed upon or about his person" and was sentenced to imprisonment for two years.

On the day of trial, and before the jury was selected and sworn, the state requested and was granted permission to insert the word "concealed" in the information so that it alleged that on May 29, 1966 the defendant did "have concealed on or about his person a dangerous and deadly weapon to-wit: a pistol."

Defendant now contends that the trial court erred (1) in overruling his "motion to dismiss before the trial" because the "charge" on which he "came to court" was only that he had on or about his person a deadly and dangerous weapon without alleging that it was concealed; (2) in permitting the amendment of the information at the time of trial; and (3) in refusing a preliminary hearing on the charge as amended.

The record shows that the charge upon which the preliminary hearing was held alleged that defendant had a deadly and dangerous weapon *concealed* on or about his person. After the preliminary hearing the prosecuting attorney was authorized to file an information, but the one filed did not state an offense. This was the same as not filing one. On the day of trial a proper information was filed by adding the word "concealed," and this information was consistent with the charge upon which the preliminary hearing had been held. Strictly speaking, this situation does not present the issue of whether an amendment to the information was authorized by Supreme Court Rule 24.02, V.A.M.R. The first and

only sufficient information was the one filed on the day of the trial. After a proper and sufficient information was filed, counsel for defendant expressly stipulated that the record should show that "he's arraigned, waives the reading of the information, and enters a plea of not guilty." When asked by the trial court if he wanted a continuance, counsel replied "No." Under these circumstances none of the three contentions of defendant, set out above, have any merit.

Defendant next contends that the court erred in overruling his "motion to suppress the evidence because of the illegal search and seizure of defendant." It is necessary to set out the circumstances of the arrest and the subsequent search and seizure.

At 3:50 o'clock of the morning of May 29, 1966 Police Officer Leo Rhoden was dispatched to Tenth and Burlington Streets in North Kansas City to assist Police Sergeant Lee Jennings. When Officer Rhoden arrived at the scene there was a 1959 Oldsmobile with a Kansas license plate stopped near the intersection. Defendant was sitting in the front seat of the automobile behind the steering wheel. His companion was outside the automobile and "staggering." Officer Rhoden ordered Harrington out of the automobile. As he stepped out he too was "staggering," and when asked if he had been drinking, he replied "yes." Officer Rhoden testified that he "then placed him under arrest for investigation of drunk," and when he searched defendant he found a loaded pistol in the waistband of his Bermuda shorts concealed by his shirttail which was outside his shorts.

The evidence does not indicate that prior to the arrest Officer Rhoden had reason to believe that defendant had committed a felony, and merely being "drunk" is not a misdemeanor. City of St. Joseph v. Harris, 59 Mo.App. 122. "The offense of carrying concealed weapons is not usually regarded as committed in the presence of an officer where the weapon is not seen and could not be seen, by the officer, except by search of the person of the offender." 5 Am.Jur.2d Arrest § 40, p. 731. We shall assume that the evidence does not establish a lawful arrest of defendant, and in that event there could be no reasonable search and seizure in connection with the arrest.

It has long been the rule in this state that evidence obtained by means of an unlawful search and seizure by police officers is not admissible in evidence against the person searched where timely objection to the use of such evidence is made. State v. Cuezze, Mo., 249 S.W.2d 373; State v. Holt, Mo., 415 S.W.2d 761. The procedural rules of this state, with an exception not here material, require that the contention of an unlawful search and seizure be made by motion to suppress the evidence in advance of trial. State v. Lord, Mo., 286 S.W.2d 737; State v. O'Brien, Mo., 252 S.W.2d 357, certiorari denied, 345 U.S. 929, 73 S.Ct. 790, 97 L.Ed. 1359; State v. Garrison, Mo., 305 S.W.2d 447; State v. Holt, supra. The validity of a search and the admissibility in evidence of the fruits of that search present issues collateral to the issue of guilt which are to be tried independently. State v. Dalton, Mo., 23 S.W.2d 1. "Not only must defendant file a motion to suppress the controverted evidence, but he [has] the burden of presenting evidence to sustain his contentions." State v. Holt, supra, 415 S.W.2d at p. 764; Supreme Court Rule 33.03(a) (5), V.A.M.R.; State v. Jonas, Mo., 260 S.W.2d 3. The only exception under our procedural rule is where the defendant "had no reason to anticipate the evidence would be introduced and was surprised." State v. O'Brien, supra, 252 S.W.2d at p. 359.

No motion to suppress evidence was made before trial. The first contention of an unlawful search and seizure was made when Officer Rhoden was asked to testify concerning the result of his search of defendant. The contention was renewed when the pistol and cartridges were offered

in evidence. A motion to suppress evidence was filed at the "close of all the evidence."

By reason of the charge, defendant and his counsel necessarily had to know that it would be essential to the presentation of the state's case to have Officer Rhoden testify as to the results of his search of defendant, and that the state would offer the pistol and cartridges in evidence. At trial defendant made no contention of surprise as to this, and he makes none now on appeal.

In Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, it was held that a state procedural requirement that there be a "contemporaneous objection" to the introduction of illegally obtained evidence does serve a legitimate state interest. One purpose of the rule in this state, with the one exception not here applicable, that a contention of an unlawful search and seizure be made before trial by a motion to suppress evidence is to prevent delays during trial in determining collateral issues not bearing on guilt or punishment. An equally important purpose, when no motion is filed before trial, is to indicate to the prosecution that the reasonableness of the search is not an issue and that unnecessary witnesses to establish that fact need not be brought to the trial with all the resulting expense and inconvenience. The rule unquestionably serves a legitimate state interest.

When no motion to suppress was filed in advance of trial, the prosecuting attorney properly could assume that defendant had no objection to the admission in evidence of the pistol or to the testimony of Officer Rhoden as to where he found the pistol. This could account for the prosecution going to trial when Sergeant Jennings was in the hospital and could not be present in court. Whether defendant failed to file a motion to suppress before trial because he knew that if the issue was raised the state could and would show a lawful arrest and a search made pursuant to that arrest, or because he deliberately by-passed the procedural requirement of filing a motion to suppress in advance of trial for strategic reasons or to invite error, he is not now entitled to contend that the pistol offered in evidence, or the knowledge of Officer Rhoden pertaining to the concealment of the pistol, was obtained as the result of an unlawful search.

■ Defendant next challenges Instruction 3, the verdict directing instruction, because it did not require a finding that defendant intended to and did conceal the weapon, or that he concealed it "purposely or consciously." Instruction 3 required a finding that defendant "unlawfully and feloniously carried concealed upon or about his person a certain dangerous or deadly weapon, to-wit, a pistol." Defendant cites only State v. Gibson, 322 Mo. 369, 15 S.W. 2d 760. The evidence in this case was that Officer Rhoden found the loaded pistol in the waistband of defendant's Bermuda shorts underneath and concealed by his shirttail. The officer testified that he did not see the pistol until after he felt it in the process of searching the defendant. Defendant did not testify and offered no evidence.

In State v. Charles, Mo., 268 S.W.2d 830, 833, the same objection was made to an instruction in that case, and what this court there said rules the issue in this case. It was there said:

"On that point appellant cites cases holding there must be a conscious purpose to conceal the weapon. In State v. Gibson, 322 Mo. 369, 374, 15 S.W.2d 760, 761, the defendant was carrying a revolver in *view* beside him on the seat of his automobile. It was a question of fact as to whether he *intended* to conceal it, and the decision held an instruction omitting that element was erroneous. In the instant case instruction No. 1 expressly required a finding that the appellant did unlawfully and feloniously carry the pistol concealed on or about his person. There was no evidence that it was in view. We think there was no error in the instruction."

In addition, defendant requested and the trial court gave Instruction 3A, which stated that even if the jury found that a dangerous and deadly weapon was found upon the person of the defendant, the jury, "cannot convict the defendant unless the jury finds, in addition, beyond a reasonable doubt that (1) the defendant himself concealed the weapon, (2) that the defendant consciously and purposely concealed the weapon, (3) that the defendant intended to conceal the weapon. * * *." Although State v. Charles, supra, holds that Instruction 3 was sufficient, by Instruction 3A the jury was required to find every issue defendant contends should have been submitted to it.

Defendant's remaining point is that the trial court erred "in allowing Sergeant Beck * * * to testify that the defendant refused to make a statement." Sergeant Beck testified that following defendant's arrest he talked to him and "advised him of his rights," which included the right "to remain silent." Sergeant Beck then volunteered the statement that "he advised me that he did not wish to make a statement, there was no need to make a statement, that he had been intoxicated, and Mr. David Bailey [his companion] * * * placed a gun in his belt while he was passed out; said there was no reason to make a statement, that he didn't do anything wrong." No objection was made to this testimony or any part of it. The witness was then asked if he had "any further conversation with him," and he replied: "No, sir, as he advised me he did not wish to make a statement." Counsel for defendant then said: "I move that that be stricken from the record; that's objectionable, Your Honor." The trial court ordered the statement "stricken." Counsel then requested that the jury be dismissed, and that request was refused.

The immediate answer to the specific contention of defendant is that the trial court did not "allow" Sergeant Beck to testify over defendant's objection that defendant refused to make a statement. There was no objection to the first volunteered statement, and upon request the court struck out the second. The only issue which could be before us, but this is not the basis of defendant's point, is whether the trial court abused its discretion in refusing to discharge the jury and grant a new trial. See State v. Smith, Mo., 431 S.W.2d 74, 83.

Every error which might occur in the trial of a case does not necessarily require the granting of a mistrial, and this drastic action should be employed only when the incident is so grievous that the prejudicial effect can be removed no other way. State v. Camper, Mo., 391 S.W.2d 926. Defendant advances no reason why the action of the trial court constituted an abuse of its discretion when it determined that the granting of a mistrial was not necessary to remove the prejudice, if any, resulting from the voluntary remarks of the witness. When we take into consideration that the remarks were voluntary and there was no objection to the first remark, and that the trial court did strike the second remark (and by inference also the first because it was the same) when requested to do so, we find no abuse of discretion in refusing to grant a mistrial.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., dissent.

PER CURIAM:

The foregoing opinion of STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and GODFREY, Special Judge, concur.

DONNELLY, J., dissents and adopts opinion by BARRETT, C., as his dissenting opinion.

EAGER, J., not sitting.

Opinion of Commissioner BARRETT adopted as dissenting opinion of Judge DONNELLY.

James Harrington has been convicted of carrying a dangerous and deadly weapon, a loaded pistol, "concealed upon or about his person" and his punishment fixed at two years' imprisonment. RSMo 1959, Supp. § 564.610, V.A.M.S.

The circumstances giving rise to the charge and conviction were that at 3:50 a. m., on May 29, 1966, police officer Rhoden was dispatched to 10th and Burlington Streets in North Kansas City to assist Sgt. Jennings. When Rhoden came upon the scene a four-door 1959 Oldsmobile with a Kansas license was stopped near the intersection. Harrington was then sitting in the front seat behind the steering wheel and his companion Bailey was outside the automobile "staggering." Rhoden ordered Harrington out of the automobile and as he stepped out he too "was staggering." The officer inquired whether he had been drinking and when he responded "Yes" the officer said, "I then placed him under arrest for investigation of drunk." Following what he said was nomal procedure Rhoden searched Harrington and said, "I found a 1917 model Colt, U. S. Army, Serial No. 297938, with five shells in it stuck in the waistband of his Bermuda shorts." He testified that Harrington's shirttail was outside his shorts, the gun underneath the shirt, and he said that he could not have seen the gun and would not have discovered it except by searching his person while "standing behind him."

In these circumstances it is pointed out that the appellant had not committed a felony, that mere "drunk" is not a misdemeanor (City of St. Joseph v. Harris, 59 Mo.App. 122), consequently that the search and seizure were illegal and therefore it is insisted that it was manifest error to admit the seized pistol in evidence. State v. Cuezze, Mo., 249 S.W.2d 373, a

concealed weapons case. In this connection it may be noted that "The offense of carrying concealed weapons is not usually regarded as committed in the presence of an officer when the weapon is not seen and could not be seen, by the officer, except by search of the person of the offender." 5 Am.Jur.2d (Arrest) Sec. 40, p. 731; Annotation 92 A.L.R. 490, 491. The officer did not suspect that Harrington had been driving the automobile while intoxicated (RSMo 1959, §§ 564.440, 564.460, V.A.M.S.; 30 Am.Jur. (Intoxicating Liquor) Sec. 454, p. 782), and there was no stopping of a moving vehicle for any purpose and of course no arrest in that connection. 5 Am.Jur.2d Sec. 43, p. 733. Harrington admitted that he had been drinking, he staggered after he got out of the stopped automobile, and "I then placed him under arrest for investigation of drunk." As indicated, mere "drunk" in the presence of a police officer is not in this jurisdiction a misdemeanor. As to the weapon, the officer had not been "informed by the justice of the peace that he (the appellant) had a pistol" and he did not as in State v. White, Mo., 274 S.W. 17, arrest him for that reason—the only reason given was "investigation of drunk." The consequence is that in the absence of a search warrant, no commission of a felony and no misdemeanor in the presence of the only officer testifying from personal knowledge or observation, there was no probable cause for Harrington's arrest and a fortiori no foundation for the search of his person and the seizure of the pistol. 5 Am.Jur.2d §§ 44–49, pp. 735–742; State v. Cuezze, supra; State v. Young, Mo., 425 S.W.2d 177; Kansas City v. Mathis, Mo.App., 409 S.W.2d 280.

Missouri in 1924, the federal courts and twenty other jurisdictions have adopted the rule, subject to certain limitations, that "evidence obtained by means of an unlawful search and seizure by public officers is not admissible against an accused in a criminal prosecution where timely objection to the use of such evidence has been

made." 50 A.L.R.2d 531, 556; State v. Owens, 302 Mo. 348, 259 S.W. 100, 32 A.L.R. 383; State v. Cuezze, supra; Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, 84 A.L.R.2d 933. In jurisdictions adhering to this rule the claim of unlawful search and seizure must be raised at the earliest moment possible and generally prior to the beginning of the trial, not when the evidence is offered, by a written motion to suppress the illegally obtained evidence and failing to so timely move and support by proof the objection is waived and there is no manifest error in admitting the evidence. 23A C.J.S. § 1078(c) p. 73; State v. Holt, Mo., 415 S.W.2d 761, 764–765; State v. Carey, Mo., 411 S.W.2d 243. There is no disposition now to change or deviate from this general rule although it is subject to numerous exceptions: "A pretrial motion is also not necessary where the accused's objection, though raised the first time during the trial when the evidence was received, did not require the taking of evidence which would have interrupted the trial, as where in the progress of a criminal trial *the facts disclosing the illegality of a search and seizure are not disputed*, or *are beyond doubt*, or *appear from the testimony of the prosecution witness*, by direct examination or proper cross-examination, or where the prosecution's offer of the evidence is accompanied by a disclosure showing that the evidence was obtained through a violation of the defendant's constitutional rights." 50 A.L.R.2d l.c. 587–588 (italics supplied).

Technically, the appellant did not comply with the general rule, he did not prior to trial file a formal written motion to suppress, he orally objected immediately, however, when Rhoden on direct examination said, "I then placed him under arrest for investigation of drunk." Again when the gun was offered in evidence counsel objected "I'm going to move, again move to suppress the evidence because it's part of an illegal arrest, constitutes—. The Court: Overruled. Mr. Wilhelmsen: Violates the man's constitutional rights, be safe from search and seizure." There were other similar objections as Rhoden testified and finally at the close of the state's case—the defendant offered no evidence—the state not objecting, the defendant was permitted to file a written motion to suppress evidence. In these circumstances and it appearing as stated in the emphasized quotation that the facts were not disputed and all plainly appeared from the testimony of the state's principal witness, it may not be said that the claim of illegal search and seizure was waived. Furthermore, in the detailed circumstances, the merits of the claim are controlled by the concealed weapons case of State v. Cuezze, supra. It is not necessary to quote at length from that case to illustrate its applicability, it governs in every respect. There the court concluded: "Under the circumstances in this case, the search could not be upheld, this for the reason that the settled doctrine that a search of a person is justified only as an incident to a lawful arrest. Here the arrest was unlawful. The trial court erred in not sustaining defendants' motion to suppress the evidence in reference to the two guns." 249 S.W.2d l.c. 376. Other recent cases supporting this view are State v. Young, supra, and Kansas City v. Mathis, supra.

It does not follow as a matter of course, however, as in State v. Young, that the appellant is entitled to be discharged. In this case the state did not produce all of its evidence, Sgt. Jennings was ill and did not testify and so as in State v. Cuezze the state may be able to produce other evidence not shown in this record to support the information. Accordingly the judgment is reversed and the cause remanded. State v. Patton, Mo., 308 S.W.2d 641; State v. Dixon, Mo., 420 S.W.2d 267.